## THE STATE v. HUTCHINS.

**Intoxicating Liquors:** WHEN GIVING AWAY NOT CRIMINAL. A pure and simple gift of intoxicating liquor by one to another, who is not a minor, is not a criminal act; but it becomes criminal when it is intended as a subterfuge to conceal an unlawful sale, and to evade the penalties of the law. (Compare Code, secs. 1539, 1540, 1554.)

*Appeal from Jones District Court.*

### FILED, MARCH 8, 1888.

DEFENDANT was fined before a justice of the peace upon an information charging that he did "unlawfully sell and give away" intoxicating liquors to a person named in the information. Upon appeal to the district court he was again convicted. He now appeals to this court.

*Sheean & McCarn* and *J. G. McConahy*, for appellant.

*A. J. Baker,* Attorney General, for the State.

BECK, J.—I. The district court, in effect, instructed the jury that under the statute of this state the giving away of intoxicating liquors is prohibited, and that if defendant gave to the person mentioned in the information whisky "to taste some of it," without pay or consideration to be paid by such person, it would be a gift, and authorize the conviction of defendant. The attorney general well says in his printed argument that the record discloses that "it is fully apparent that there was no subterfuge in the case. The giving was a gift. It was not a gift covertly intended to be a sale." It was simply the case of one having a bottle of whisky in his possession, after drinking himself, passing it to another who also drank. The person drinking it was not a minor, nor intoxicated, nor in the habit of becoming intoxicated.

II. Code, section 1523, prohibits the manufacture and sale of intoxicating liquors except as permitted by law. Section 1540 prohibits all persons not authorized by law to sell intoxicating liquors, "directly or indirectly, or on any pretense or by any device," or to give to any person any such liquors "in consideration of the purchase of any other property." Section 1539 declares that "it is unlawful for any person to sell or give away intoxicating liquors to a minor for any purpose whatever, except upon the written order of his parent, guardian, or family physician." It also prohibits the sale of such liquors by all persons to any person intoxicated or in the habit of becoming intoxicated. No provision of the statute, except section 1539, forbids the giving away of intoxicating liquors, except it is done as an evasion of the penalties for selling, or as a subterfuge to conceal unlawful sales. Code, section 1554, directs that "courts and jurors shall construe this chapter so as to prevent evasions, and so as to cover the act of giving as well as selling." It will be observed that this section does not declare the act of giving unlawful. The obvious purpose of the section is to provide a rule for the interpretation of other provisions which will defeat evasion of their penalties. Hence, the last clause of the section obviously directs that the statutes shall be so interpreted that the act of giving intoxicating liquors intended to evade the prohibition of their sale shall be deemed unlawful, and punished accordingly. Surely, had the legislature intended to declare the simple giving away of intoxicating liquors unlawful, plain language would have been used to express such purpose, as is used in forbidding the giving to a minor. The section evidently requires the statute to be so construed as to forbid all gifts for a consideration, direct or indirect or remote, or made with the purpose of receiving anything in return. Thus, when liquor is given to those who buy other things, or to induce trade or attract custom, or in a hundred different ways which the ingenuity of law-breakers has or may devise to defeat the law, it is to be regarded as a violation of the statute.

But the statute does not forbid the simple act of giving, as in the case before us, where no consideration, reward or payment was given or promised, and none expected, and which was not intended as a subterfuge to conceal unlawful sales, and evade the penalties of the law. The courts have no authority by construction to usurp the powers of the legislature, and declare acts unlawful which are not so declared in the statutes. In our opinion the instructions given by the district court to the jury were erroneous.

REVERSED.