## COMMONWEALTH *vs.* BRIDGET EAGAN.

Middlesex.    January 27, 1890. — February 4, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Evidence — General Reputation.*

At the trial of a complaint under the Pub. Sts. c. 101, §§ 6, 7, for keeping a common nuisance, after evidence tending to prove the guilt of the defendant, the defendant asked a witness who lived in the vicinity, " What was the general reputation of the place or tenement kept by the defendant in the neighborhood " during the time alleged ?    *Held,* that the question was rightly excluded.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a tenement in Newton used for the illegal sale and illegal keeping of intoxicating liquors.

At the trial in the Superior Court, before *Sherman*, J., there was evidence tending to prove the guilt of the defendant. The defendant called as a witness a person who lived near the tenement in question, and, after examining her as to her knowledge of the premises and her opportunities for observing them, asked her, " What was the general reputation of the place or tenement kept by the defendant in the neighborhood where she resided during the period covered by this complaint? " The judge, upon objection by the government, excluded the question.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. N. Allin*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

BY THE COURT. The question concerning the general reputation of the tenement kept by the defendant was rightly excluded.                                  *Exceptions overruled.*