81  585
f108 207

THE STATE OF IOWA, Appellee, V. ED. BRIGGS,
Appellant.

1. **Liquor Nuisance: EVIDENCE: INSTRUCTION.** In a prosecution for maintaining a nuisance by selling intoxicating liquors upon certain premises described in the indictment, it appeared that the defendant, upon receipt of money therefor, issued orders for such liquors at his blacksmith shop, which were inclosed, with the money received, in an envelope, which being presented at a depot two blocks away the purchaser would receive the liquors called for by the order. *Held,* that, in view of the above evidence, an instruction to the jury, that if they found that the defendant "gave to any person any order by means of which he procured liquors of the character described in the indictment from the express office, or any other building, and that he received the money for such liquors at his blacksmith shop, substantially as charged in the indictment, this will be evidence that you may consider in determining, whether or not the defendant is guilty," was not erroneous.

2. ——: ——: ——. An instruction in such case, that it is "unlawful to give away any intoxicating liquor to be used as a beverage," is erroneous.

*Appeal from Jasper District Court.*—HON. D. RYAN, Judge.

WEDNESDAY, JANUARY 21, 1891.

INDICTMENT for maintaining a nuisance by selling, and keeping with intent to sell, intoxicating liquors. There was a verdict of guilty and judgment, from which defendant appealed.

*H. S. Winslow,* for appellant.

*John Y. Stone,* Attorney General, and *Thos. A. Cheshire,* for the State.

GRANGER, J.—I. The place sought to be established as a nuisance was a blacksmith shop kept by defendant.

**1. LIQUOR nuisance: evidence: instruction.** The undisputed evidence shows that the defendant, at this shop, gave away intoxicating liquor, and there is testimony tending to show that on one occasion he sold it at that place. There is also testimony that the defendant gave orders at the shop for liquor to be received at the depot, some two blocks away. Little square envelopes were kept, in which the order for the liquor was put, and the money also, which, as we understand, would be delivered at the depot, and the liquor received. The district court gave the following instruction, of which complaint is made : "If you find from the evidence, beyond a reasonable doubt, that the defendant, in this county and state, within three years next prior to the finding of the indictment in this case, in a certain building, substantially as charged in the indictment, *gave to any person any order by means of which he procured liquors of the character described in the indictment from the express office, or any other building, and that he received the money for such liquors at his blacksmith shop, substantially as charged in the indictment, this will be evidence that you may consider in determining whether or not the defendant is guilty of selling, or keeping for sale, intoxicating liquors, as charged in the indictment.*"

The italicized portion is that to which criticism is directed. Under the testimony in the case, the instruction is not erroneous, nor is the testimony on which the instruction is based improper. With the conflict in the evidence as to the fact of the defendant being engaged in selling liquors in his shop, the fact that he was there receiving money, and giving orders for liquors to be delivered elsewhere, would show that he was selling intoxicating liquor, and using the shop for that purpose, that being the place where the business was transacted. Without holding that a sale in one place, and a delivery in another, would make the place where the sale was made a nuisance (which question we in no manner determine), we do say that it was proper to show the use to which the shop was put in connection

with the keeping and sale of liquors, as bearing on the question whether or not it was being maintained as a nuisance. Surely, the fact that the defendant was in the business of selling liquors would strengthen a belief from the evidence that the shop was being used for the sale of liquors kept therein.

II. Complaint is also made of the following instruction given by the court: "In this state no person may sell, directly or indirectly, any intoxicating liquors, unless he shall have a permit so to do, and the keeping of intoxicating liquor with such intent on the part of the owner thereof, within this county, without such permit, is prohibited by law. It is also unlawful to give away any intoxicating liquor to be used as a beverage." The instruction is erroneous. From it, under the evidence, the jury must have understood that if the defendant, in his shop, gave to any person a drink from a bottle kept for his private use (which he admits he did), the act would be unlawful. There could be no appropriate use of the word "unlawful" in this connection, except that it was unlawful for the purpose of this case, which would be that the giving would constitute the place a nuisance. That it would not, see *State v. Hutchins*, 74 Iowa, 20. If we are mistaken in our view of the purpose of the instruction, we are still unable to discover how it can be legitimate to the issues, and it is surely misleading. There are other questions presented that we think not likely to arise on another trial, and we do not consider them. REVERSED.

*2. THE same.*