THE STATE OF IOWA, Appellee, v. HUGH FLEMING, Appellant.

1. **Intoxicating Liquors**: NUISANCE: REPUTATION: EVIDENCE. Conceding that section 12, chapter 35, of Acts of the Twenty-third General Assembly, providing that in proceedings against one for the illegal sale of intoxicating liquors, the purpose for which liquors were obtained by or from the defendant, and for which they were used, and "the character and habits of sobriety or otherwise, shall be competent evidence," makes evidence of the reputation of the defendant.

and of persons to whom he furnished liquors, competent in a criminal prosecution for nuisance, it does not authorize proof of the reputation for sobriety of persons frequenting the place where the nuisance is alleged to have been maintained, without showing that they procured intoxicating liquors there; nor does it permit evidence of the reputation of the place where the liquors are alleged to have been sold.

2. ——:——: DWELLING HOUSE USED AS PLACE OF PUBLIC RESORT: PRESUMPTION. Where a dwelling house is used as a place of public resort, the finding of intoxicating liquors there is, under section 8, chapter 66 of Acts of the Twenty-first General Assembly, presumptive evidence that such liquors are kept for illegal sale.

3. ——:——: GIVING AWAY-LIQUORS: INSTRUCTIONS TO JURY. The giving away of intoxicating liquors may constitute the crime of nuisance where the alleged gift is used to cover violations of the law.

*Appeal from Cerro Gordo District Court.*—HON. JOHN C. SHERWIN, Judge.

THURSDAY, OCTOBER 13, 1892.

THE defendant was convicted of the crime of nuisance, alleged to have been committed by maintaining a place in which he kept for sale and sold intoxicating liquors in violation of law. From a judgment requiring him to pay a fine of five hundred dollars, an attorney's fee of twenty-five dollars, and costs, he appeals.—*Reversed.*

*Blythe & Markley*, for appellant.

*John Y. Stone*, Attorney General, and *Thos. A. Cheshire*, for the State.

ROBINSON, C. J.—I. On the trial of the cause the state was permitted to offer evidence which tended to prove that the defendant was reputed to sell intoxicating liquors in violation of law; that his dwelling house, in which the crime of which he was accused is

1. INTOXICATING liquors: nuisance: reputation: evidence.

alleged to have been committed, had the reputation
of being a place where such liquors were sold; and
that men who frequented the place were reported to be
of a drinking class. Section 1, chapter 66, of Acts of
the Twenty-first General Assembly makes evidence of
the general reputation of the place in which a nuisance
is alleged to be maintained admissible for the purpose
of proving the existence of such nuisance, but that
section refers only to actions in equity to enjoin liquor
nuisances. Section 12 of the same chapter makes
evidence of the reputation of a place admissible against
its owner for the purpose of enforcing judgment against
it in certain cases. But neither section has any appli-
cation in criminal proceedings brought to ascertain
and punish the crime of nuisance. It is insisted on
behalf of the state, however, that the evidence was
fully authorized by section 14, chapter 71, of Acts of
the Twenty-second General Assembly as it appears in
section 2374 of McClain's Code; while the defendant
contends that it makes such evidence competent in
actions against registered pharmacists for illegal sales
under permits, but does not authorize such evidence in
cases of this kind. That section provided that "on the
trial of any action or proceeding against any person
for manufacturing, selling, giving away, or keeping
with intent to sell, intoxicating liquors in violation of
law, * * * the general repute of the accused' and
his place of business and manner of conducting the
same, * * * the character and habits of applicants
for liquor, and their general repute as to habits of
sobriety or otherwise, shall be competent evidence, and
may be considered so far as applicable to the particu-
lar case." That section appears to have been regarded
as authority for the admission of the evidence in ques-
tion. Whether it would have been competent in any
event, we need not determine, for the reason that the
section was repealed by section 1, chapter 35, of Acts

·of the Twenty-third General Assembly and was not in
:force when the crime of which the defendant was con-
-victed is alleged to have been committed.

    Section 12 of the act last named provides that "on
the trial of any action or proceeding against any person
for manufacturing, selling, giving away, or keeping
with intent to sell, intoxicating liquors in violation of
law,   *   *   *   the requests for liquors and returns
made to the auditor as herein required, the quantity
and kinds of liquors sold or kept, purchased or dis-
-posed of, the purpose for which liquors were obtained
by or from him, and for which they were used, *the
character and habits of sobriety or otherwise,* shall be
·competent evidence, and may be considered as far as
applicable to the particular case.   *    *   * "   The only
part of this section which can be claimed to authorize
proof of reputation and habits is the portion we have
italicized.   To what it was intended to apply is not
clear, and, as it has not been discussed nor even
referred to by counsel, we refrain from interpreting it
further than is necessary to a determination of this
appeal.   It may be claimed that it refers to the defend-
ant in a case of this kind, and to persons to whom he
furnished liquor; but, if that be true, it does not
authorize proof of the character of persons who fre-
quent the place where the nuisance is alleged to be
kept, without proof that they also procured intoxicat-
ing liquors there.   In this case a witness was asked if
she knew the character of the men generally who went
in and out of the defendant's place of business,—
whether they were in the habit of being intoxicated,—
and answered, "I have heard they were a drinking
class of men."   An objection to the question, and a
motion to strike the answer, were overruled.   In this
there was error.   No attempt was made to show that
the men to whom the question and answer referred
procured intoxicating liquors in the place in question.

It may be conceded that the word "character," as used in the statute, includes "reputation," but the answer of the witness was not given from personal knowledge, and did not purport to show the reputation of the men it referred to for sobriety. It only showed that she had heard that they were a drinking class. How often she had heard that, or from whom, or whether it was so commonly reported, does not appear.

We think the court also erred in admitting evidence in regard to the reputation of the place where the liquors are alleged to have been sold; not, however, for the reason urged by the defendant, that it was his dwelling house, but because the words, "the character and habits of sobriety or otherwise," do not refer to place. In the absence of a statute authorizing it, evidence of the reputation of a person or his place of business is not competent to prove his acts, or what is done in the place. Wharton on Criminal Evidence, section 255.

II. The court instructed the jury as follows: "If you find from the evidence that the dwelling house or

2. ——: ——:
dwelling
house used as
place of public
resort: pre-
sumption.

its dependencies occupied by the defendant at the time in question was a place of public resort, or a place which was resorted to by the general public, then the finding of intoxicating liquors there would be presumptive evidence that such liquor was kept or held for sale contrary to law; but this presumption of the law may be overcome by other evidence appearing in the case, and, unless you find that he kept a place of public resort, this presumption would not arise from the fact that he kept liquors there." The appellant complains of this instruction, on the ground that the place where the liquors were alleged to have been kept and sold was his private dwelling house, and not a tavern, public eating house, restaurant, grocery, or other place of public resort. We think the instruction was authorized by

section 8, chapter 66, of Acts of the Twenty-first General Assembly. A person may make a place of public resort of his private dwelling house, and when he does. so the finding of intoxicating liquors there is presumptive evidence that they were kept for illegal sale.

III. The appellant complains of the refusal of the court to instruct the jury that "the giving away of intoxicating liquors by the defendant at his residence would not constitute the crime of nuisance." The court instructed the jury as follows: "*Sixth.* Under the statute, courts and jurors are required to so construe the law relating to the suppression of intemperance as to prevent evasion, and so as to cover the act of giving as well as selling by persons not authorized to sell; and if you find from the evidence that the defendant during the time in question gave intoxicating liquors to others, you should carefully scrutinize the transaction, to the end that such acts may not be used to cover violations of the law." The instruction refused was, under the facts of the case, misleading, and should not have been given without modification. The first part of the instruction given was authorized by section 1554 of the Code, while the latter part was intended to guide the jury in the application of the statute. The appellant cites in support of his objection to the instruction given, *State v. Hutchins*, 74 Iowa, 20. That case did not involve the crime of nuisance, but was instituted before a justice of the peace. The information charged that the defendant did "unlawfully sell and give away" intoxicating liquors, and it was held that the act of giving away such liquors was not an offense. Gifts of that kind were afterwards prohibited by section 1, chapter 71, of Acts of the Twenty-second General Assembly, and the prohibition was carried into section 2, chapter 35, of Acts of the Twenty-third General Assembly. Section 12 of the Acts last named provides.

3. ——: ——: giving away liquors: instructions to jury.

that "every permit holder, or his clerk, under this act, shall be subject to all the penalties, forfeitures, and judgments, and may be prosecuted by all the proceedings and actions, criminal and civil, and whether at law or in equity, provided for or authorized by laws now or hereafter in force, for any violation of this act and the act for the suppression of intemperance; and any law regulating the sale of intoxicating liquors, and by any or all of such proceedings applicable to complaints against such permit holders." Whether under this provision, the giving away of intoxicating liquors can in any event be an element in the crime of nuisance, we need not determine, as it clearly refers only to permit holders and their clerks, and there is no claim that the defendant belonged to either of those classes. We think the instruction given might well have been made clearer with respect to gifts and evasions of the law, although it is at least doubtful if any prejudice could have resulted in this case from the language used.

What we have said disposes of all questions we are required to determine. Some of those discussed depend upon the evidence, and may not arise on another trial. For the errors pointed out the judgment of the district court is REVERSED.