## M. W. MASK V. STATE.

No. 377. Opinion Filed April 24. 1909.

(101 Pac. 293.)

1. **INTOXICATING LIQUORS—Illegal Possession—Insufficient Evidence.** Upon a trial for the offense of having possession of intoxicating liquors with the intention of violating the provisions of the prohibition law, where no positive testimony tending to show such possession was offered, and the only evidence offered to show possession was purely circumstantial and did not show actual or constructive possession of such liquors, as charged, **held,** that the evidence is insufficient to sustain the conviction.

2. **SAME.** See opinion for facts held insufficient to support a conviction for the offense of having possession of intoxicating liquors with the intention of violating the provisions of the prohibition law.

(Syllabus by the Court.)

*Error from Kiowa County Court; J. W. Mansell, Judge.*

M. W. Mask was convicted of having possession illegally of intoxicating liquors and brings error. Reversed and remanded.

The plaintiff in error, M. W. Mask (hereinafter designated defendant) was, on the 21st day of July, 1908, found guilty of having unlawfully in his possession intoxicating liquor, with the intention of selling the same, contrary to law, as charged in an information filed in said county court on the 10th day of July, 1908. On July 22, 1908, he was adjudged to pay a fine of $150 and costs, and be imprisoned for a period of 120 days in the county jail of said county. On August 21, 1908, he perfected his appeal to the Supreme Court of the state by filing with the clerk thereof his petition in error and case-made, together with proof of notice of appeal on L. D. Lewis, clerk of the county court, and H. L. Standeven, county attorney of Kiowa county. Said cause was duly transferred from said court to the Criminal Court of Appeals, and at the March term, 1909, said cause was submitted.

*E. M. Bradley,* for plaintiff in error.

*Fred S. Caldwell,* for the State.

DOYLE, JUDGE. (after stating the facts as above). The offense for which the defendant was convicted was having in his possession on July 3, 1908, three bottles of whisky with the intention of violating the provisions of the prohibition law. It appears from the record that Charley Vaughn, the first witness for the state, was arrested on a charge of selling whisky to one Kemp, on or about July 3, 1908, and while in jail was induced to turn state's evidence against defendant. This witness is the son of an itinerant whisky peddler, who, with witness and another son, had been camping for a few weeks in a house on an adjoining lot to the home of defendant. The father disappeared about the time of his son's arrest, leaving a horse for him to follow with. This witness appears to be afflicted with a poor memory and dense ignorance, not knowing his age, but thinks he is 18 or 19 years old. He testified to several criminating circumstances against defendant and that defendant sold a bottle of whisky to one Glick, and positively testified that defendant made the sale for which witness was being held in jail. J. W. Parham testified that he was sheriff of said county, and that he had searched defendant's premises and found that a hole had been dug in the garden two or three feet deep, and had been filled up again. He further testified that, together with the city marshal, in making this search, he found three bottles of Brownwood whisky about 70 or 80 feet from defendant's house, but on the Vaughn lot, and a bottle of the same brand of whisky was taken from one Kemp near there, and that at the time they arrested the witnesses Vaughn and Kemp. He further testified that he had searched defendant's premises on two former occasions and did not find any liquors. W. M. Kemp testified that he bought the bottle of whisky taken from him at Vaughn's from Charley Vaughn, and that he did not buy any whisky from defendant, or ever see defendant have any whisky. R. D. Glick testified on behalf of defendant and denied that he had ever purchased whisky from defendant, as testified to

by witness Vaughn, and that the only whisky he bought was sold to him by old man Vaughn. Several character witnesses testified that defendant bore a good reputation as a law-abiding citizen in that community.

We believe that the evidence offered on behalf of the state wholly fails to prove the offense charged, for the reason that no actual or constructive possession by the defendant of intoxicating liquors, as alleged, has been shown. The evidence conclusively shows that the whisky found was found on the lot occupied by the father of the witness Vaughn, and that the bottle of whisky taken from Kemp, a witness for the state, was purchased from the witness Vaughn. The witness Glick testified that the only whisky he purchased was from old man Vaughn. Upon this testimony, Vaughn, the witness to prove the unlawful intent, was clearly impeached. However, in prosecutions of this kind, in order to prove an intent to violate the law, the possession of intoxicating liquors must first be shown. That was not done in this case. For this reason the evidence is insufficient to support the verdict.

It is a rule of this court that verdicts which receive the approval of a trial judge will not be disturbed when supported by sufficient facts to make out the offense alleged. The trial judge has the witnesses before, him, hears their testimony, observes their manner and conduct upon the witness stand, and is in a position to judge of their credibility and to weigh the case upon its merits. However, where the sole reliance of the prosecution is the testimony of a self-confessed criminal, who secures immunity by reason of such testimony, and where the testimony fails to show all the essential elements of the offense charged, we believe it is the duty of the trial court to set aside a verdict of guilty, as unwarranted by the evidence. Reviewing all the testimony, we do not believe it is of such cogent character as authorized the jury to believe that defendant was guilty of the offense charged, beyond a reasonable doubt. We deem it unnecessary to discuss the other questions arising in the case.

For the reasons hereinbefore stated, the judgment of the lower court is reversed, and the cause remanded.

FURMAN, PRESIDING JUDGE, and BAKER, JUDGE, concur.