## M. HOOKMAN v. THE STATE.

### No. 426.   Decided April 13, 1910.

### Rehearing denied May 4, 1910.

**1.—Retail Liquor Dealer—Indictment—Different Purchasers.**

Where, upon trial for selling malt liquors by retail without a license, the indictment alleged sales to two different purchasers in retail quantities, there was but one count, and the same was good on motion to quash.

**2.—Same—Evidence—Application for License.**

Upon trial of selling intoxicating malt liquors by retail, there was no error in permitting the State to offer an application made by the defendant for license, to show that he was in the control and management of the place where the offense was alleged to have been committed.

**3.—Same—Evidence—General Reputation—Harmless Error.**

Where, upon trial for selling intoxicating malt liquors in retail without license, the defendant took the witness stand and testified that the place in question was one where such liquors were sold, but claimed that they were sold by another party, testimony admitted for the State to prove the general reputation of the house as one where intoxicating liquors were sold, was harmless error.   Following Weatherford v. State, 51 Texas Crim. Rep., 430.

Appeal from the Criminal District Court of Harris.   Tried below before the Hon. Norman G. Kittrell.

Appeal from a conviction of selling intoxicating malt liquors in retail without a license; penalty, a fine of $25.

The opinion states the case.

*C. E. & A. E. Heidingsfelder,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was tried and convicted in the court below on an indictment charging him with selling malt liquors capable of producing intoxication in quantities of less than one gallon without taking out a license as a retail liquor dealer.   He was convicted and his penalty assessed at a fine of $25 and his appeal to this court alleges various grounds for reversal.

1.   In the court below he filed a motion to quash the bill of indictment on the ground that it contained two counts and that the second count, while it alleged that the appellant sold one glass of beer and one bottle of beer to one Rose Wilson and one glass of beer and one bottle of beer to one Tom Daves, that it failed to allege that this glass of beer and bottle of beer was less than one gallon in quantity, and that that being so, appellant could not be convicted, the indictment failing to allege whether he was a wholesale or retail liquor dealer. We do not think that the bill of indictment contains two counts, but that there is but one count in the indictment.   The indictment alleges that the appellant in the county aforesaid on the 25th day of the month of April, 1909, in the county of Harris and State of Texas, did

then and there sell malt liquors capable of producing intoxication in quantities of less than one gallon without taking out a license as a retail malt dealer, he, the said appellant not being then and there a retail liquor dealer and not then and there having taken out a license as a retail liquor dealer, and that he, the said appellant, did then and there sell malt liquors capable of producing intoxication, to wit: one glass, etc. It was necessary for the pleader to set out the sales that were made. It was necessary for the pleader to go ahead and allege to whom the sales were made and the quantities that were sold. We therefore, hold that the indictment was a valid bill of indictment and not subject to the objection made by counsel.

2. In the trial of the case the appellant objected and reserved a bill of exceptions to the action of the court in permitting the State to offer an application made by appellant for license. The granting of this application and the bond executed by the appellant, on the ground that these matters occurred subsequent to the date of the offense and subsequent to the offense committed; that they were irrelevant, improper and immaterial. These steps taken by the appellant to secure license as a retail malt dealer were commenced on the 22d day of April, at a date before the commission of the offense. We think that this testimony was admissible, first, as evidence of identity of the place of business, and, second, as a circumstance for what it was worth, going to show that the place where the offense was alleged to have been committed belonged to, was occupied by and under the control of the appellant at the time of the commission of the offense. In this case the proof showed the appellant made application for license on April 22 and the sales took place on April 24; the judgment of the County Court granting the license was on May 6 and the issuance occurred on May 8, and the fact that the appellant had made application for license to sell beer in this particular place at a date previous to the time appellant sold the beer, would be a strong and cogent circumstance to show that he was in the control and management at the time of the sale of the beer, and on this ground the testimony was admissible.

3. On the trial of the case the State was permitted to prove by the witness J. H. Swope that he was acquainted with the reputation which the place where appellant operated, bore in the community as to being a place where intoxicating liquors were sold, and he further testified that the reputation of that place was that they were selling beer there. This testimony was objected to by the appellant and a bill of exceptions reserved on the ground that it had a tendency to prejudice the minds of the jury against the appellant and that the same was irrelevant, immaterial and inadmissible for any purpose; that his case was prejudiced by permitting the State to prove that it was a place where liquor was sold. We hold that the court below erred in permitting this testimony. We have not been cited to any authority upon the subject, but suppose that the court below permitted this testimony and was induced to do so, by the ruling of this court in the Joliff case, 53 Texas Crim.

Rep., 61, and other cases where a party was indicted for keeping a disorderly house in that he engaged in the selling of liquors without license in prohibition territory, and this court held in those cases that the general reputation of the house might be inquired into, the rule being that where a party is indicted for keeping a disorderly house that evidence of the reputation of the house is always admissible, but we are not disposed to extend the doctrine any further than as applicable to disorderly houses. In the case before us, the issue was whether a man had license to sell as a retail liquor dealer, and, second, whether he sold or not. It was the particular offense and we can not see how the offense could have been aided by proof of general reputation. It may be that the place had the general reputation of being a place where liquors were sold or beer was sold, and yet, in point of fact, nothing of the sort ever occurred. We, therefore, hold that the court erred in admitting this testimony and that in view of the sharp controversy in the testimony on the trial of this case in the court below, and of the appellant's insistence that he had not sold any beer and that he did not have control of the premises and that the beer privilege belonged to another man who held a permit or license to sell, we think that this testimony was very damaging to appellant, and for this reason the case should be reversed.

There are numerous other objections in the records. However, as they are not likely to occur upon another trial, we deem it unnecessary to pass upon them. For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

April 13, 1910.

McCORD, Judge.—On February 23, 1910, a former day of this term of court, this case was reversed and remanded because the court below erred in allowing the State to prove the general reputation of the house as to being a place where intoxicating liquors were sold, and that the reputation of the house was that it was a place where parties were selling beer. The State, through her Assistant Attorney-General, has filed a motion for rehearing and insists that the court was in error in reversing this case because of the admission of this testimony over appellant's objection, and while the State concedes that the admission of the testimony was erroneous, it contends that in the light of the record the admission of this testimony was entirely harmless, in view of the fact that the appellant himself took the witness stand and testified that it was a place where such liquors were sold; that he knew the place before he began to operate it and that during the month of April the party who had to do with the retail malt beer had rented a part of the place, and that party, to wit: Lytle Crawford, had license to sell beer there and that he had bought beer from the said Lytle Crawford and that Lytle Crawford was paying the rent for that part

of the building; that he, appellant, was in the restaurant business and that the said Crawford was in the other part of the building and selling beer. The substance of appellant's testimony was that the place was in fact a place where such liquors were being sold, but that the same were being sold at the time alleged by another party. We are inclined to hold that the State's motion should be granted and that the position taken by the State in this case is correct, and that while the testimony was not strictly legal, the same could not by any possibility have injured appellant's rights. In the case of Weatherford v. State, 51 Texas Crim. Rep., 430, we held that though the testimony of reputation of the place was not admissible, still the appellant having gone upon the stand and testified to the sales himself, and this being so, would of itself render harmless the testimony. We, therefore, grant the State's motion for rehearing and order that the judgment reversing and remanding the case be set aside and that the judgment of the lower court be now affirmed.

*Affirmed.*

[Rehearing denied May 4, 1910.—Reporter.]