## Cook v. Commonwealth.

(Decided September 30, 1914.)

Appeal from Fulton Circuit Court.

1. Criminal Law—Nuisance—Evidence of Reputation of House.—Under an indictment charging defendant with maintaining a nuisance by permitting "divers evilly disposed people to assemble and engage in drunkenness and loud and boisterous language," evidence that the reputation of the house for peace and good order is bad will not sustain a conviction.

2. Criminal Law—Nuisance—Evidence—Competency.—Under an indictment charging defendant with maintaining a nuisance by permitting "divers evilly disposed people to assemble and engage in drunkenness and loud and boisterous language," evidence that the reputation of the house as a whiskey selling place is bad is not competent.

3.  Criminal Law—Nuisance—Evidence—Sufficiency.—Under an in-
dictment for maintaining a nuisance by permitting persons to
assemble and indulge in drunkenness and disorder, evidence that
persons were seen coming from defendant's premises with bundles
under their arms which witness took to be whiskey, and that
persons were seen drunk about 100 yards from defendant's
premises, but witness did not know from which direction they
came, is not sufficient to sustain the charge of maintaining a
nuisance by permitting persons habitually to assemble and engage
in drunkenness, in the absence of evidence to the effect that any
one ever heard loud or boisterous noises coming from defendant's
place, or ever saw any one on his premises or coming from his
premises intoxicated.

ED. THOMAS for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Reversing.

Defendant, A. C. Cook, was convicted of the offense
of maintaining a nuisance. His punishment was fixed at
a fine of $150 and 20 days' confinement in the county
jail. He appeals.

The indictment charges that on the 30th day of Jan-
uary, and within twelve months before the finding of the
indictment, the defendant did "unlawfully suffer and
permit divers persons to habitually assemble in a house,
same being a brick house near what is known as Rice-
ville, in Fulton County, Kentucky, and same being then
and there in his occupation and under his control, and
there were permitted divers evilly disposed people to
assemble and engage in drunkenness and loud and bois-
terous language, to the common nuisance of all good citi-
zens of the Commonwealth of Kentucky then and there
in the neighborhood, passing and re-passing, residing
and being and having the right then and there to pass,
re-pass, reside and be, etc."

Several witnesses for the Commonwealth testified
that they had seen colored persons coming from defend-
ant's store with bundles under their clothes, which they
took to be whiskey. They never saw defendant sell any
whiskey. Never saw anybody drunk on his premises,
and never heard any loud and boisterous language com-
ing therefrom. They knew the reputation of defendant's
place for peace and good order, and its reputation was
bad. Its reputation as a whiskey selling place was also

bad. One witness testified that he saw two men drinking about 150 yards east of defendant's store, but did not know from what direction they had come. One witness for the Commonwealth, a minister, stated that his reason for prosecuting the defendant was that defendant had a United States liquor license. Defendant answered "Yes, I have, but why does that prove me guilty of operating and running a disorderly house?" At the conclusion of the evidence for the Commonwealth defendant moved to exclude from the jury the testimony tending to show that defendant's place of business had a bad reputation for peace and good order, and also all testimony showing or tending to show that he had been selling liquor or had sold liquor, or that his place was a place at which liquor had been sold.

Defendant then proved by several witnesses that they had frequently bought groceries from defendant's store; that they had never seen or heard any noise or misconduct, and had never seen any drunkenness there. They further testified that defendant conducted a quiet and orderly place.

It will be observed that defendant was not indicted for the offense of selling liquor without a license, or contrary to the local option law. He was indicted for maintaining a nuisance of a particular kind. The nuisance complained of is that he permitted divers evilly disposed persons to assemble and engage in drunkenness and loud and boisterous language. The only evidence that anyone ever engaged in loud and boisterous language is that the reputation of his house for peace and good order was bad. This of itself is not sufficient to sustain a conviction on that phase of the case. King v. Commonwealth, 154 Ky., 829. Even if he had been indicted for maintaining a nuisance by selling liquor contrary to law, the reputation of the place as one where liquor was illegally sold would not be admissible. Commonwealth v. Eegan, 151 Mass., 45. Such evidence is not, therefore, competent on the charge of maintaining a nuisance by suffering drunkenness. While several witnesses testified to seeing persons going from defendant's store with bundles under their clothing which they took to be whiskey, not a single witness testified to having seen a single person drunk on defendant's premises, or to having seen a single drunken person coming from the premises. While such evidence might tend to establish the fact that defendant was engaged in selling whiskey, it is not suf-

ficient to sustain the charge of suffering persons to assemble and engage in drunkenness, in the absence of evidence to the effect that anyone of such persons coming from defendant's house was ever seen drunk on his premises, or ever seen drunk when leaving his premises. Indeed, it would seem that if defendant actually permitted persons to assemble on his premises and indulge in drunkenness and disorder to the annoyance of people passing and re-passing, there could be found one of those passing or re-passing who would be able to say that he had seen such drunkenness, or had heard such disorder. Not a single witness so testified. We, therefore, conclude that the evidence is insufficient to sustain a conviction for the offense charged in the indictment.

Judgment reversed and cause remanded for proceedings consistent with this opinion.