## SHACKLETT *v.* STATE OF INDIANA.

[No. 24,539.  Filed December 5, 1924.]

1. INTOXICATING LIQUORS.—*Offense.—Sufficiency of Proof.*—Evidence that a police officer saw a young man coming down the back steps of a house with a bottle of whisky; that the back yard of the house was open to the street; that the boy said, when taken into the house upon whose steps he had been seen, in the presence of the defendant who lived there, that defendant had sold him the liquor; that the defendant at once denied ever having seen the boy or selling him any liquor; that defendant had previously been convicted of a violation of the liquor law, and that, according to several witnesses, the reputation of her house was bad, is not sufficient to sustain a conviction for maintaining a nuisance for the sale of intoxicating liquors.  p. 438.

2. INTOXICATING LIQUORS.—*Maintaining a Nuisance.—Reputation of Place not Proof.*—Proof of the bad reputation of a house as a place resorted to for the purpose of drinking intoxicating beverages will not sustain a conviction of maintaining a common nuisance, to wit, a house where intoxicating liquors were manufactured, sold, etc., in violation of the laws of the State, and where persons were permitted to resort for the purpose of drinking said liquors.  p. 438.

3. INTOXICATING LIQUORS.—*Maintaining a Nuisance.—Proof of Reputation.*—Neither the statute defining a liquor nuisance (Acts 1917 p. 15, §20, §8356t Burns' Supp. 1921) nor any other statute provides that proof of the reputation of a house or place is competent evidence that such house or place was one where intoxicating liquor was sold, etc., as against the owner prosecuted for the maintenance of such nuisance; at common law, evidence of reputation was not competent for that purpose.  p. 438.

From Marion Criminal Court (55,069) ; *James A. Collins,* Judge.

Laura Shacklett was convicted of maintaining a liquor nuisance, and she appeals.  *Reversed.*

*Alvah J. Rucker,* for appellant.

*U. S. Lesh,* Attorney-General, and *Owen S. Boling,* for the State.

EWBANK, J.—Appellant was convicted of the alleged offense of unlawfully maintaining and assisting to

maintain a "common nuisance, to wit, a room, house * * * and place where intoxicating liquors were then and there manufactured, sold, bartered, given away and delivered in violation of the laws of this state, and where persons were then and there permitted to resort for the purpose of drinking said liquors as a beverage," etc. Her motion for a new trial, for the alleged reasons that the finding is not sustained by sufficient evidence and is contrary to law was overruled and she excepted, and has assigned that ruling as error.

There was evidence that on June 25, 1924, a police officer saw an eighteen year old boy walking down the steps from appellant's back door, with a pint bottle of white mule whisky in his hand; that the boy ran when he saw the officer and went into a toilet room in the back yard between appellant's house and another house on the same lot that fronted the other way, where the officer took the whisky from him; that the yard was open to the street; that the officer took the boy into appellant's house where he said in her presence that he bought the whisky from her and gave her $1.25 for it; that a brother of the boy and another man were also there, but appellant denied that she had sold that whisky or any whisky, and denied ever having seen the boy or either of the men before. Neither the boy nor his brother nor the other man was produced as a witness at the trial. The officer testified that he did not see appellant selling any liquor nor see any in her possession nor find any in her house. She testified that she had not seen the boy or either of the men until the officer brought them into her house, did not sell them or either of them any liquor, and had never had possession of the liquor found on them. It was proved that a year before (June 27, 1923) she had been convicted of a "violation of the prohibition law," but it was not shown of what that violation consisted nor where it

was committed.   Witnesses were also permitted to testify, without objection, that they were "acquainted with the reputation, in that community, of the house (where she lived), as a place resorted to for the purpose of drinking intoxication beverages," and that such reputation was "bad."   A police officer testified that he had seen four different men, whose names he gave, going into and coming out of appellant's house, some of them as often as three or four times in a week.

Was this evidence sufficient to support the finding of guilty of the offense charged in the affidavit on which she was tried?   We think not.   The testimony as to what the young fellow said when brought into the presence of appellant was hearsay, and mere proof of a hearsay declaration which appellant promptly denied was not- evidence that she had admitted her guilt.   The young man might have been near her back door with a bottle of whisky by reason of other circumstances than the fact that she had sold it to him, and the mere fact that he was there in the yard which was open to the street did not prove that he and others were permitted by appellant to resort to her house for the purpose of drinking liquor.

Neither did proof that the reputation of her house was bad in the particular stated constitute evidence that she was guilty of the criminal offense of which she was convicted—that of maintaining a place where the liquor law was violated.   Section 20, Acts 1917 p. 15 (§8356t Burns' Supp. 1921) which defines that offense defines it as keeping and maintaining a place where intoxicating liquor is sold, manufactured, bartered or given away in violation of law, or is kept for the purpose of being sold, bartered or delivered in violation of law, or where persons are permitted to resort for the purpose of drinking such liquor, or where such liquor is kept to be drunk by the members of a

club or other persons. But it does not contain any provisions as to the evidence by which the offense shall be proved, nor do we know of any statute of this state which makes proof of the reputation of a house or place competent evidence against the owner in a criminal prosecution under this statute for maintaining a nuisance. At common law evidence of reputation was clearly not competent for such a purpose. Wharton, Criminal Evidence §255; Wharton, Criminal Law (11th ed.) p. 1860, §1696; *Commonwealth* v. *Eagan* (1900), 151 Mass. 45, 23 N. E. 494; *State* v. *Fleming* (1892), 86 Iowa 294, 53 N. W. 234; *Cook* v. *State* (1902), 81 Miss. 146, 32 So. 312; *Gorman* v. *State* (1907), 52 Tex. Cr. App. 327, 106 S. W. 384; *Hookman* v. *State* (1910), 59 Tex. Cr. App. 183, 127 S. W. 825; *Young* v. *State* (1922), 92 Tex. Cr. App. 277, 243 S. W. 472; *People* v. *Johnson* (1923), 63 Cal. App. 178, 218 Pac. 449. Section 21 of said act provides that a civil action may be maintained to abate and enjoin any such nuisance as is defined in §20, and that in such action the record of a conviction of persons for violating the provisions of §20 at that place (if not appealed from) shall be *prima facie* evidence of the existence of the alleged nuisance (Acts 1917 p. 15, §8356u Burns' Supp. 1921). But it makes no provision as to proof of the criminal offense defined in §20 by any evidence which would not be sufficient at common law.

No question is before us as to what would be the effect of such statutes if there were any, and we intimate no opinion on that subject.

The judgment is reversed, with directions to grant a new trial.