STATE, RESPONDENT, *v.* PETERS ET AL., APPELLANTS.

(No. 5,546.)

(Submitted October 28, 1924. Decided December 5, 1924.)

[231 Pac. 392.]

*Intoxicating Liquor—Maintaining Nuisance—Evidence — General Reputation of Place—Inadmissibility—Who are Principals—Instructions—Exhibits—Admissibility.*

Intoxicating Liquor—Maintaining Nuisance—Evidence of General Reputation of Place Inadmissible.
  1. In a prosecution for maintaining a liquor nuisance under section 11066, Revised Codes of 1921, evidence of the general reputation of the place where the nuisance was alleged to have existed as one where intoxicating liquor was kept and sold was inadmissible, in the absence of a statute making it admissible.

Same—Employees of Proprietor of Place Selling Liquor are Principals.
  2. An employee who has charge of the place of business of his employer and sells intoxicating liquor therein during the latter's absence is guilty of maintaining a nuisance within the meaning of section 11066, *supra.*

Same—Principals—Correct Instruction.
  3. An instruction that all persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense or aid and abet in its commission, are principals, correctly stated the law. (Sec. 10732, Rev. Codes 1921.)

Same—Maintaining Nuisance—Instructions—Insufficient Definition of Word "Maintain."
  4. Instruction defining the word "maintain" employed in section 11066, Revised Codes of 1921, making the maintaining of a liquor nuisance a misdemeanor, *held* inadequate.

---

2. Personal liability of liquor dealer's agent for violation of law, see note in 19 **Ann. Cas.** 582.

Same—Exhibits—Bottles of Liquor Taken from Outside of Premises Searched—Admissibility.

5. Where there was evidence that just prior to the raiding of a building liquor had been served therein, and the officers, though not finding any in the building itself, found bottles containing liquor in a beer box discovered outside in close proximity to the building and evidently used as a place of concealment for liquor by those in charge of the premises, the bottles were properly admitted in evidence.

Same—Evidence of Liquor Found on Other Than Defendant's Premises—Admissibility.

6. As tending to show the maintenance of a liquor nuisance, evidence is admissible which shows the discovery of intoxicating liquor on premises occupied or controlled by defendant, or in a place other than the defendant's house or place of business, if it be shown that defendant used such other place or had access thereto, and there is evidence tending to connect him with the liquor discovered.

*Appeal from District Court, Hill County; Charles A. Rose, Judge.*

WILLIAM PETERS and Ed. Adams were convicted of maintaining a common nuisance, and appeal from the judgment and the order denying them a new trial. Reversed and remanded.

Cause submitted on briefs of Counsel.

*Mr. J. P. Donnelly,* for Appellants, submitted a brief.

1. "In the absence of a statute to that effect, evidence of the reputation of a defendant's place is not admissible in a criminal prosecution." (7 Ency. of Ev. 742; *Cook* v. *State,* 81 Miss. 146, 32 South. 312; *State* v. *Fleming,* 86 Iowa, 294, 53 N. W. 234; *Commonwealth* v. *Eagan,* 151 Mass. 45, 23 N. E. 494; *State* v. *Benson,* 154 Iowa, 313, 134 N. W. 851; *Hookman* v. *State,* 59 Tex. Cr. 183, 127 S. W. 825; *Trayhan* v. *State* (Tex. Civ.), 180 S. W. 646; 33 C. J. 755.)

In California, evidence of general reputation is admitted in civil proceedings, because of express statutory provision to that effect, (*People* v. *Macy,* 43 Cal. App. 479, 481, 184 Pac.

---

5. Admissibility of evidence secured by search or seizure, see notes in 15 Ann. Cas. 1205; Ann. Cas. 1915C, 1182.

1008), but similar testimony is excluded in criminal actions. (*People* v. *Johnson,* 63 Cal. App. 178, 218 Pac. 449.) The same distinction exists in Iowa and for the same reason. (*State* v. *Fleming,* 86 Iowa, 294, 53 N. W. 234.) Obviously, the testimony was prejudicial.

2. It was error to allow the four bottles of intoxicating liquor found in a case ·outside the premises in question to be introduced in evidence without any proof that the defendants were in any manner responsible for the liquor being placed or kept at the point where the same was found. (*Grider* v. *State,* 10 Ala. App. 170, 64 South. 756; *Cravey* v. *State,* 10 Ala. App. 168, 64 South. 756; *Efird* v. *State,* 44 Tex. Cr. 447, 71 S. W. 957; *State* v. *Wills,* 154 Mo. App. 605, 136 S. W. 25.)

3. The court erred in refusing defendant's offered instruction No. 2, which in effect directs the jury to acquit "unless you find that the defendants maintained the place or that defendants in this case were aiding and abetting some other person who did maintain the place." This is a correct statement of the law and of the issue made in the pleadings. One cannot be held responsible for the commission of the crime unless he has both aided and abetted in the commission of the same. (*People* v. *Dole,* 122 Cal. 486, 68 Am. St. Rep. 50, 55 Pac. 581; *People* v. *Warren,* 130 Cal. 678, 682, 63 Pac. 87; *People* v. *Compton,* 123 Cal. 403, 56 Pac. 44.) The California decisions have been expressly approved by this court. (*State* v. *Allen,* 34 Mont. 403, 87 Pac. 177.)

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. C. N. Davidson,* Assistant Attorney General, for the State.

If any error was committed in admitting evidence as to the character of the place, it was merely a technical error and no substantial rights of the defendants were affected. The charge in this case was conclusively proven by other evidence, and the character of the place, as testified to, did not aid the positive testimony that intoxicating liquor was kept and sold there.

Where a charge is conclusively proven, the judgment will not be reversed for error in admitting other evidence. (*Carpenter v. State,* 190 Ind. 611, 131 N. E. 375; *Massachusetts Bonding & Ins. Co. v. State,* 191 Ind. 595, 131 N. E. 398; *Jones v. United States,* 296 Fed. 632; *Shockley v. State* (Ind.), 142 N. E. 850; *People v. Smith,* 189 Cal. 31, 207 Pac. 518.) However, the following cases are cited to the point that admission of testimony as to the reputation of the building was not error: *State v. Buckley,* 40 Conn. 246; *State v. Haley,* 52 Vt. 476; *Ward v. State,* 15 Okl. Cr. 150, 175 Pac. 557; *Davis v. State,* 16 Okl. Cr. 372, 82 Pac. 908; *Dunbar v. State,* 15 Okl. Cr. 513, 178 Pac. 699; *Ryan v. United States,* 285 Fed. 734; Wharton's Criminal Evidence, sec. 261; *State v. Hendricks,* 15 Mont. 194, 195, 48 Am. St. Rep. 666, 39 Pac. 93.

None of the cases cited by appellants under the second point treated under this specification are applicable to the facts in the present case. Liquor found upon premises is presumed to belong to the owner or occupant, and the burden is upon him to show that he had no knowledge of their presence there. (*State v. Sawyer* (Mont.), 229 Pac. 734.)

As to alleged error in refusing to give defendants' offered instruction No. 2, see *State v. Weston,* 129 Wash. 507, 225 Pac. 411; *State v. Pistona,* 127 Wash. 171, 219 Pac. 859; *State v. Proffer,* 127 Wash. 270, 220 Pac. 774; *People v. Frankovich,* 64 Cal. App. 184, 221 Pac. 671.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Judgment was pronounced against William Peters and Ed. Adams upon the verdict of a jury finding them guilty of maintaining a common nuisance. They moved for a new trial, which was denied. They have appealed from the judgment and from the order denying them a new trial.

1. The information charged that these men, between certain dates, did knowingly, willfully, unlawfully and wrongfully conduct and maintain a place where intoxicating liquors

were then and there sold, kept and bartered. The information describes a building, together with its additions and outbuildings.

The statute, section 11066, Revised Codes of 1921, declares in part that any room, house, building, structure or place where intoxicating liquor is manufactured, sold, kept or bartered, "in violation of this Act," is a common nuisance, "and any person who maintains such a common nuisance shall be guilty of a misdemeanor."

There was direct evidence tending to show that both defendants during the times and at the place mentioned in **[1]** the information had sold intoxicating liquors to divers persons. In addition, against objection, the state was permitted to show that the general reputation of the building during the period covered by the information was that it was a place where intoxicating liquors were kept, sold and bartered. This was error. The question at issue was whether the defendants had committed acts which under the statute created a nuisance. Neither the reputation of the defendants nor of the place is a constituent part of the offense charged. The offense may not be proved by hearsay evidence, and evidence as to general reputation is, of course, pure hearsay.

In a prosecution against a person for maintaining a liquor nuisance and in the absence of a statute permitting evidence of the general reputation of the place where the nuisance is alleged to have existed, such evidence is inadmissible. Indeed, this is the well-nigh universal rule with respect to common nuisances in general, although there are some exceptions. (Wharton's Criminal Evidence, 10th ed., sec. 255; Greenleaf on Evidence, Lewis' ed., sec. 186; 7 Ency. of Ev. 742; Elliott on Evidence, sec. 3063; 33 C. J. 755; *State* v. *Foley*, 45 N. H. 466; *Overstreet* v. *State*, 3 How. (Miss.) 328; *Cook* v. *State*, 81 Miss. 146, 32 South. 312; *State* v. *Fleming*, 86 Iowa, 294, 53 N. W. 234; *Commonwealth* v. *Eagan*, 151 Mass. 45, 23 N. E. 494; *Hookman* v. *State*, 59 Tex. Cr. 183, 127 S. W. 825; *Commonwealth* v. *Hopkins*, 2 Dana (Ky.), 418; *Cook* v.

*Commonwealth,* 159 Ky. 839, 169 S. W. 553; *State* v. *Brooks,* 74 Kan. 175, 85 Pac. 1013; *People* v. *Johnson,* 63 Cal. App. 178, 218 Pac. 449; *State* v. *Springs,* 184 N. C. 768, 114 S. E. 851.) In the last case cited the court overruled *State* v. *McNeill,* 182 N. C. 855, 109 S. E. 84, a liquor case, in which it had held testimony concerning the general character of the defendant's place admissible. In *State* v. *Springs* witnesses were permitted to testify that Springs' place had a bad reputation for whisky selling. The court, speaking through Hoke, J., said: "With certain recognized exceptions, applicable chiefly in civil causes, and unless expressly made so by statute, hearsay evidence is not competent in the trial of issues determinative of substantive rights, a position particularly insistent where such issues involve the life or liberties of the litigant."

Mr. Wigmore says: "The offense of being a common thief, a common gambler, or other common offender, or of keeping a common nuisance, *e. g.,* a place for *illegal sale of liquor or drugs,* is one which by some courts, sometimes under statute, has been regarded as provable by reputation"; and then he adds this significant sentence, "but perhaps the notion here enters that reputation is a part of the issue." (Wigmore on Evidence, 2d ed., sec. 1620 (3).)

The supreme court of Oklahoma, in *Sibenaler* v. *State,* 16 Okl. Cr. 576, 185 Pac. 448, a case somewhat similar to this, held evidence of the general reputation of the place where liquor was sold admissible, following *Ostendorf* v. *State,* 8 Okl. Cr. 369, 128 Pac. 143, which followed *Carroll* v. *State,* 4 Okl. Cr. 246, 111 Pac. 1022, and *Titsworth* v. *State,* 2 Okl. Cr. 282, 101 Pac. 293; rejected similar testimony in *Mitchell* v. *State,* 9 Okl. Cr. 172, 130 Pac. 1175, where the defendant was prosecuted under a statute which condemned as a vagrant "any person who is a professional gambler"; extended the doctrine in *Ward* v. *State,* 15 Okl. Cr. 150, 175 Pac. 557, where the defendant was prosecuted for having unlawful possession of intoxicating liquors.

Without attempting to analyze these Oklahoma cases, we deem it sufficient to say that all except *Mitchell* v. *State* are not only contrary to the overwhelming weight of authority but they establish a rule of evidence which, according to the general voice, it is the province of the legislature to establish if the people desire to relax the well-known rule which excludes this character of testimony.

In a number of states statutes have been passed authorizing the reception in evidence of general reputation in common offender and common nuisance cases (Wigmore on Evidence, sec. 1620 [3], and note), certainly persuasive that evidence of the character we are discussing was not deemed admissible in those states in the absence of statute.

A well-established exception to the rule permits the state in the prosecution of one charged with keeping a house of ill fame to introduce as corroborative evidence the general reputation of the house itself. The reasons for the exception are well presented in *State* v. *Hendricks,* 15 Mont. 194, 48 Am. St. Rep. 666, 39 Pac. 93. And some courts apply the doctrine to ''disorderly houses,'' but here the authorities are in sharp conflict, the cases in many instances turning upon the language of the applicable statutes. (See Wharton's Criminal Evidence, 10th ed., sec. 261, and cases cited; Elliott on Evidence, sec. 3063, and cases cited.)

In abatement cases evidence of the general reputation of the place sought to be abated is admissible—probably in the absence of statute. (*State* v. *Mercier,* 70 Mont. 333, 225 Pac. 802.) But here it may be noted that section 11127, Revised Codes of 1921, which is a part of Chapter 30, relating to nuisances, provides that in an action to abate a nuisance ''evidence of the general reputation of the place shall be admissible for the purpose of proving the existence of said nuisance.'' The action contemplated is of an equitable nature, but if it should be thought desirable by the legislative assembly that body might with propriety extend the operation of the statute

so as to permit the reception of evidence of that kind as corroborative in nuisance cases of a criminal character.

We cannot assent to the proposition that even if the admission of this evidence was error, it was not prejudicial. The defendants, while admitting they had served drinks to patrons of the place, attempted to maintain that all they sold was "soft drinks"; they denied that they had ever sold intoxicating liquor of any kind there. The weight of their testimony was for the jury's determination. We cannot say that there was not a substantial conflict in the evidence upon this vital point; consequently we are not in a position to say that the erroneously admitted evidence was not sufficient to tip the scales against the defendants.

2. The defendant Peters styled himself a day clerk in this [2] establishment, while Adams said he was night clerk. They contended that they were mere employees of one Mickey Howard, who they asserted was proprietor of the place, and that they had nothing to do with conducting or maintaining it. But defendant Peters testified that Howard was absent for some three weeks, during which time he, Peters, when on shift had general supervision and charge of the entire place. Defendant Adams testified he worked during Howard's absence. He denied that as night clerk he had full charge of the place, saying that it "automatically ran itself"; but he had the combination to the safe, and admitted that he was working on a percentage basis,—that is, he received a percentage from the liquids sold. It is clear, despite his denials, that while he was on shift he and no other had charge of the place. If, then, these defendants, in the capacities in which admittedly they served, sold intoxicating liquor in the place mentioned in the information, they were guilty of maintaining a nuisance as charged in the information. (*People* v. *Frankovich,* 64 Cal. App. 184, 221 Pac. 671; *State* v. *Pistona,* 127 Wash. 171, 219 Pac. 859.)

3. The court correctly charged the jury that all persons [3] concerned in the commission of a crime, whether it be a

felony or misdemeanor and whether they directly commit the act constituting the offense, or aid and abet in its commission, are principals in any crime so committed. (Sec. 10732, Rev. [4] Codes 1921.) The court defined the word "maintain" in the language of the first part of an instruction which appears in *State* v. *Pistona, supra.* In its opinion in that case the court quotes the Washington statute, observing, "So far as we are aware, no other statute is worded just as ours is." In an instructive opinion in which the statute is construed and many authorities are reviewed the court sustained the instruction.

It is not necessary to extend this opinion with an analysis of that portion of the instruction which was given by the court in the case at bar. Suffice it to say that in our judgment it does not adequately define the word "maintain" as employed in our statute, section 11066, *supra.*

Counsel for defendants offered an instruction explaining the meaning of the word "maintain" correctly, but added thereto a complex sentence in which he attempted to cover the provisions of section 10732, *supra.* In doing so he rather confused than clarified the definition of the word. Error was not committed in refusing this instruction. As the case must go back for a new trial it is suggested that the court in explaining the meaning of the word "maintain" as employed in the statute might use to advantage that part of the offered instruction which precedes the complex sentence above referred to.

4. Complaint was made because the court admitted in evi- [5] dence four bottles of intoxicating liquor which were seized on January 15, 1924, upon the occasion of a raid made upon the premises, and which was within the period covered by the information. Apparently these bottles were taken from a beer case which was outside the building but in close proximity to it. At that time the officers searched the building from top to bottom but were unable to find intoxicating liquors of any kind. There was evidence tending to show that just prior to the raid intoxicating liquors were being served in the

building, and there was some testimony tending to identify one of the bottles as having been in use at the very time the officers entered the building. The circumstances indicated strongly that the beer case in which the bottles were found was used as a place of concealment for liquor by those who were in charge of the building. Under these circumstances the [6] bottles were admissible in evidence. The law is that, as tending to show the maintenance of a liquor nuisance, evidence is admissible which shows the discovery of intoxicating liquor on premises occupied or controlled by defendant; and evidence may be admitted of the finding of liquor in a place other than the defendant's house or place of business, provided it be shown that defendant used such other place, or resorted thereto or had access thereto, and there is evidence tending to connect him with the liquor discovered. (33 C. J. 753, 754; *State* v. *Sawyer,* 71 Mont. 269, 229 Pac. 734.)

The judgment is reversed and the cause is remanded to the district court of Hill county with direction to grant the defendants a new trial.

*Reversed and remanded.*

MR. JUSTICE STARK and HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, concur.

MR. JUSTICE GALEN, being absent on account of illness, takes no part in the foregoing decision.

MR. JUSTICE RANKIN, being disqualified, takes no part in the foregoing decision.