COBLEIGH v. McBRIDE ET AL.

1. **Intoxicating Liquors:** SALE TO MINORS: LIEN UPON THE PREMISES. A judgment for damages for the sale of intoxicating liquors to a minor, under section 1539 of the Code, will not be a lien upon the premises where the liquor is sold, if they are owned by a third party, unless he have knowledge of and assent to the unlawful act for which the judgment is recovered.

2. ——: FORFEITURE TO THE SCHOOL FUND: EVIDENCE. While it might be proper to inquire into the situation of a witness with respect to the parties, yet it is not competent to inquire of the plaintiff in an action for the benefit of the school fund, under the above section, why he instituted the suit.

3. ——: ——: ——. Testimony that it was a matter of common report and public notoriety that intoxicating liquors were sold by the defendant was not admissible.

4. ——: ——: INSTRUCTION. The jury were properly instructed that the recovery would be for the benefit of the school fund, and that the plaintiff had no interest therein.

5. ——: ——: CONSTRUCTION OF STATUTE. Section 1539 applies not only to those having a permit to sell, but also to all persons who may sell intoxicating liquors to minors or to persons who are in the habit of becoming intoxicated.

*Appeal from Harrison Circuit Court.*

MONDAY, DECEMBER 11.

THE plaintiff, for the use of the school fund, claims of the defendant, S. J. McBride, the sum of two thousand dollars, on account of various alleged sales of intoxicating liquors to a minor, and to persons in the habit of becoming intoxicated, during the year 1875.

No personal judgment is asked against the defendant, McGavern, but it is alleged that during the time of the sales he owned the building in which the sales were made, and he is made a party for the purpose of establishing a lien upon the building for any judgment recovered against McBride. The jury returned a verdict for plaintiff for $400.

They also found specially that the defendant, S. J. McBride,

did sell or give away intoxicating liquors in the drug store occupied by him, in Missouri Valley, Harrison county, Iowa, with the knowledge and consent of Geo. H. McGavern.

The court rendered judgment against the defendant, S. J. McBride, for the sum of $400 and costs, and declared that the judgment be a lien upon the building in which the sale was made. The defendants appeal.

*Mickel & Brown* and *W. S. Shoemaker*, for appellants.

No argument for appellee.

DAY, J.—I. As the appeal of the defendant, McGavern, presents for our consideration distinct questions, which have no connection with the question of the liability of the defendant, McBride, we will, in the first place, consider such questions as affect McGavern alone; and, in the second place, such as affect McBride alone, or both defendants together.

1. The defendant, McGavern, owns the building in which the alleged unlawful sale was made. Section 1558 of the Code provides that all judgments of any kind rendered against any person, for any violation of the provisions of the chapter relating to intoxicating liquors, shall be a lien upon the premises and property occupied and used for the unlawful purpose, by the person manufacturing or selling in violation of law, with the consent and knowledge of the owner thereof. The petition in this case charges the defendant, McBride, with violating the provisions of section 1539 of the Code, in that he sold intoxicating liquors to a minor, and to persons in the habit of becoming intoxicated.

1. INTOXICA-TING liquors: sale to minors: lien upon the premises.

The jury found specially that S. J. McBride did sell or give away intoxicating liquor in the drug store occupied by him in Missouri Valley, Harrison county, Iowa, with the knowledge and consent of George H. McGavern. The defendants moved in arrest of judgment upon the ground that the special finding of the jury does not show that defendant, McGavern, had any knowledge of and gave consent to the sales of intoxicating liquors testified to by the witnesses on the stand, within

the year 1875, and for which plaintiff claims forfeiture to the school fund. The action of the court in overruling this motion, as to the defendant, McGavern, is assigned as error. In our opinion, the motion in arrest of judgment should have been sustained. Simply selling or giving away intoxicating liquors, if done without permit, or for an unlawful purpose, is one offense. The selling or giving intoxicating liquors to a minor, or person intoxicated, is altogether a distinct and more aggravated offense, for which a more severe punishment is prescribed. In order that a judgment for a violation of any of the provisions of the chapter relating to intoxicating liquors may be a lien upon the premises in which the unlawful act is done, owned by a third party, such person should have knowledge of and assent to the unlawful act on account of which the judgment is recovered.

The special finding in this case does not show that McGavern had such knowledge, or that he gave such assent. It did not authorize the declaring of the judgment a lien upon his premises.

2. The court instructed the jury as follows: " 18th. If you find that the defendant, Geo. H. McGavern, bought intoxicating liquor during the year 1875 of the defendant, S. J. McBride, or if he sent other persons there for that purpose, this would be such knowledge and consent on his part as would bind the building owned by him, and authorize you to find against him." This instruction is erroneous for the reasons already considered. Even if McGavern had knowledge that McBride was selling intoxicating liquors, his property would not be liable for a judgment recovered, unless he knew McBride was selling to minors or persons in the habit of becoming intoxicated.

Several errors have been assigned by McGavern relative to the admission of testimony, which need not be considered, as the cause must, as to him, be reversed for the errors above discussed, and the same questions will not likely arise upon the re-trial.

II.   We now consider the assignments of error which affect

the defendant, McBride, either separately or in conjunction with his co-defendant.

1. Upon cross-examination of plaintiff the defendant asked why he instituted the suit. The plaintiff's objection was sustained, and defendant assigns the action as error. Whilst it may be proper, upon cross-examination, to inquire into the situation of a witness with respect to the parties, and his feelings toward a party against whom he testifies, yet we think this question, in the broad terms in which it was proposed, was improper.

*2. ——: forfeiture to the school fund: evidence.*

2. The plaintiff was permitted, against the objection of defendant, to testify that it was a matter of common report and public notoriety that intoxicating liquors were sold at McBride's drug store. This, we think, was error. But, in the state of the record, it was error without prejudice, except as to a portion of the verdict. The statute provides that for each offense the party offending shall forfeit and pay to the school fund the sum of one hundred dollars. The jury returned a verdict for four hundred dollars, and hence must have found there were four distinct violations of the statute. As to three of these the proof is positive and without conflict. A verdict the other way would have been unsupported by the testimony. The witness who testifies to the fourth sale has been in some degree impeached, thus raising some question respecting that sale. It may be that the verdict of the jury as to this sale was aided by this objectionable testimony.

*3. ——: ——.*

3. The defendants assign as error the giving of the following instruction: "The plaintiff, E. J. Cobleigh, prosecuted this action for the use and benefit of the school fund, and has no more interest in the result of this prosecution than any other citizen of this county, as he cannot receive anything personally from any judgment that may be rendered." This instruction is not erroneous. Appellants claim that it is an assumption of a fact peculiarly within the province of the jury. But that the amount of the recovery goes to the school fund and not to plaintiff is a question of law.

*4. ——: ——: instruction.*

120 SUPREME COURT OF IOWA,

4. Appellants contend that section 1539 of the Code applies only to persons having a permit to sell, and that McBride is not amenable thereto, because he had no permit.

**5. ——: ——: construction of statute.** We are satisfied that the section applies alike to all persons. Except as to the admission of the testimony above considered, we discover no error in the record in any way prejudicial to the defendant McBride. If the plaintiff shall, within twenty days from the filing of this opinion, file in this court his election to remit one hundred dollars of the judgment, as to the defendant McBride the judgment will be modified and affirmed, otherwise it will be reversed.

As to the defendant McGavern the judgment is

REVERSED.