JAMES E. WRIGHT, and others, In Equity,

*vs.*

WILLIAM J. O'BRIEN, and another.

Sagadahoc.    Opinion December 4, 1903.

*Equity*, Liquor nuisance. *Practice*, bill and petition. Allegation of future illegal use,
*R. S. (1883), c. 27, § 1; Stat. 1891, c. 98.*

1. A proceeding in equity, brought under the provisions of R. S. (1883), c.
17, § 1, as amended by ch. 98 of the Public Laws of 1891, to enjoin a liquor
nuisance, is to be governed by the general rules of equity procedure. But
it is not subject in every respect to the strictness of equity pleading.
2. It is maintainable, although it is not alleged in the bill, that the defend-
ant intends to continue the illegal use complained of.

On exceptions by defendant to overruling a demurrer to a petition
in equity.

Petition in equity for suppression of liquor nuisance.    Sustained.
The case is stated in the opinion.

*F. E. Southard*, for plaintiffs.

Counsel cited:    *State* v. *McKenzie*, 42 Maine, 392; *State* v. *Hus-
sey*, 60 Maine, 410; *State* v. *Robbins*, 66 Maine, 324; *Carleton* v.
*Rugg*, 149 Mass. 550.

*H. M. Heath, C. L. Andrews, F. L. Dutton; F. L. Staples*, for
defendants.

The statute, it is true, defines in the opening sentences the elements
of a nuisance and says that upon alleging and proving such facts an
injunction may be issued.    Strictly and literally construed, it would
seem as if the pleader need allege no more than such facts as would
show a past illegal use of the building.    Such, however, is neither a
fair nor reasonable construction of the statute.    The legislature did
not intend to abolish the rules of pleading surrounding the use of the
statute.    If the future use is to be restrained, and that is the essen-
tial element of the statute, an intention to continue a future illegal

use, well alleged as stated above, should be equally well alleged as to futurity. Such a construction does the public no injustice and is in harmony with the well settled science of equity pleading.

This point was not raised or decided in the adjudicated case in the 96th Maine, p. 559, nor was it raised or decided in the case in 149 Mass. page 550, where the Massachusetts court by a bare majority of one sustained the constitutionality of the law. The court will notice in the Massachusetts case that specific questions were submitted to the court upon the report, and that this was not one of them. We submit it to the court as a question of plain and simple pleading, and it would seem to be not only consonant with the principles of justice, but demanded by the science of equity pleading that the petitioner should allege by proper statements a threatened or intended future illegal use. Otherwise, construing the statute strictly, injunctions are to be issued based wholly upon a past history. While in no sense contending that this would make the statute penal, as contended in *Davis* v. *Auld,* 96 Maine, 559, it would certainly put the court in a position of using this remedy as a quasi punishment. Such was not the intention of the legislature.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

SAVAGE, J. This is a proceeding in equity brought by twenty disinterested voters, under the provisions of chap. 98 of the Public Laws of 1891, to enjoin the defendant from the further use of certain premises as a liquor nuisance. The case comes to this court on exceptions to the overruling of the defendant's demurrer by the presiding justice below. The bill alleges a past and a present illegal use of the premises. The only point taken in support of the demurrer is that it is not alleged in the bill that the defendant intends to continue the illegal use. It is contended that bills in equity of this class must be framed in accordance with the general rules in equity relating to injunctions against nuisances, and that in bills to restrain an unlawful use of property, it is the rule that it must be alleged and proved, among other things, that the defendant

has threatened such unlawful use or intends to continue an unlawful present use.

This is indeed, a proceeding in equity, and it is doubtless true that it is to be governed by the general rules of equity procedure,—though it may not be, as we shall see, subject in every respect to the strictness of equity pleading. It is regarded as a bill in equity, though it is called a "petition" in the statute. It is likewise true that at common law in case of a private nuisance, or of a common nuisance when the complainant is specially injured, if the nuisance consists in an unlawful use of the property, the party seeking to have it enjoined, should allege and prove that the defendant intends to continue the unlawful use. And there are other things, too, that the plaintiff in such case must allege and prove, as that the threatened injury will be irreparable, or that pecuniary compensation will be inadequate, or that relief is necessary to prevent the multiplicity of suits, or that for some other reason the remedy at law is inadequate.

But this is not the case of a nuisance at common law, and these complainants are not seeking personal relief against a private wrong. The nuisance complained of here is a public nuisance, a common nuisance. It is declared to be so by statute. The proceeding is a statutory one. The statute not only defines what is a nuisance of this sort, but it declares precisely what facts shall be alleged in order to entitle the complainants to an injunction. The injunction may be to restrain, enjoin or abate the nuisance. It is intended not only to restrain or enjoin a future illegal use of the premises, but to abate a present existing illegal use. It is to stop a present use. It could not be employed to prevent a threatened illegal use, unless the present use were also illegal. For, it is a place "used for the illegal sale or keeping of intoxicating liquors, or where intoxicating liquors are sold for tippling purposes," that is a nuisance. R. S. (1883), c. 17, § 1. A place not now so used, but intended or threatened to be so used, is not a nuisance.

The legislature unquestionably had the right to declare such places to be nuisances, it had the right to provide for their abatement by proceedings in equity, *Davis* v. *Auld*, 96 Maine, 559, and it also had the

right to prescribe the facts which it should be necessary to allege in a bill or "petition" for an injunction. It declared that the court should have jurisdiction in equity upon the petition of twenty legal voters "setting forth any of the facts" contained in R. S. (1883), c. 17, § 1. That section declares that a place used for the illegal sale or keeping of intoxicating liquors is a nuisance. The bill alleges that the defendant "now is and for at the least three years last past has been engaged in the illegal sale and keeping for sale of intoxicating liquors in said place." This is certainly an allegation of one of the facts mentioned in the statute. It is an allegation of all that the statute in terms requires. To require more would be to read into the statute language that it does not contain, and to sacrifice substance to an uncalled for technicality. That the legislature did not have in mind the technical requirements of a bill in equity at common law may be inferred, we think, from the use of the word "petition" in the statute, instead of "bill." Petition is a word of more common import and ordinarily is not subject to the niceties of pleading that a bill in equity is.

*Exceptions overruled.*