## STATE EX REL. PATTERSON v. LONGPRE & CAMERON*

(No. 1280; December 7, 1926; 251 Pac. 468.)

APPEAL AND ERROR—ERRORS AFFECTING COPARTY WHO HAS NOT AP-
PEALED, NOT REVIEWABLE—INTOXICATING LIQUORS—NUISANCE—
STATUTES—EVIDENCE OF REPUTATION—ABATEMENT OF LIQUOR NUIS-
ANCE—WITNESSES—CROSS EXAMINATION.

1. Motion that petition be made more definite and demurrer to petition for insufficiency cannot be considered on appeal, where record fails to disclose any ruling thereon, but appellate court may determine whether facts alleged constitute cause of action against appellants.

2. Tenants appealing from injunction abating liquor nuisance are not entitled to urge any errors, such as defects in petition, affecting only owner of premises, who did not appeal.

3. Where petition sufficiently alleges liquor nuisance, it is immaterial whether prosecuting attorney believed action was brought under Laws 1921, c. 87, or under chapter 117, which impliedly repeals chapter 87.

4. Laws 1921, c. 87, § 3, so far as it relates to abatement of nuisances caused by prostitution, gambling, and storing of liquor, *held* impliedly repealed by Laws 1921, c. 117.

5. In absence of statute, testimony of general reputation is inadmissible to establish existence of liquor nuisance under Laws 1921, c. 117.

6. Evidence of general reputation that intoxicating liquor was sold on premises was admissible, in action to abate liquor nuisance, *solely on issue of owner's knowledge of* such unlawful use of premises, where such knowledge was essential to make owner liable for penalty prescribed by Laws 1921, c. 117, § 20.

7. In action to abate liquor nuisance, evidence *held* to warrant finding that liquor was sold on premises so as to constitute nuisance.

8. Where, in action to abate liquor nuisance, owner's agent denied knowledge of violation of liquor law in connection with premises, cross-examination of agent as to his knowledge that one of tenants had pleaded guilty to charge of unlawfully selling liquor was proper.

*See Headnotes: (1-3) 4 CJ p. 68 n. 74; p. 69 n. 82; p. 698 n. 19; 33 CJ p. 697 n. 43 New. (4, 5) 33 CJ p. 691 n. 66; p. 698 n. 73. (6) 33 CJ p. 698 n. 73. (7) 33 CJ p. 698 n. 67. (8) 40 Cyc. p. 2490 n. 3.

*Appeal* from District Court, Albany County; V. J. Tidball, Judge.

Action to abate liquor nuisance by the State, on the relation of George W. Patterson, against Longpre & Cameron, a copartnership comprised of George Longpre and another, and others. From a judgment abating the liquor nuisance, named defendants and certain other defendants appeal.

*S. C. Downey,* for appellants.

The Legislature cannot declare a thing a nuisance which is not so in fact; Rossman v. Galverton, 26 A. L. R. 1211. Two Legislative Acts are involved Chapters 87 and 117 respectively, Laws 1921; the court below held that they were pari materia; 25 R. C. L. 931. The Acts are essentially different in purpose and intent; Chapter 87, so far as it applies to the liquor traffic, was repealed by Chapter 117, Laws 1921, which supercedes the former Act; Attorney General v. Commr's., 117 Mich. 477; White v. Jones, (Ala.) 93 So. 733; Kramer v. Beebe, (Ind.) 115 N. E. 83; Miller v. School Dist., (Ore.) 211 Pac. 174; Alaska Co. v. Territory, 236 Fed. 62; Rhodes v. J. B. B. Coal., (W. Va.) 90 S. E. 796; Murdock v. Memphis, 20 Wall. 617. It was clearly the intention of the Legislature to make a new law; U. S. v. Tynen, 11 Wall. 88; Pingree v. Snell, 42 Me. 52. An interesting case is Tracy v. Tuffly, 134 U. S. 206,

dealing with two statutes in Texas and also Bank v. U. S., 107 U. S. 445. The case of State v. Marxhausen, 171 N. W. 557, is ''on all fours'' with the case at bar; a new statute covering the same ground, supercedes former statutes without express words of repeal; Porter v. Edwards, (Mich.) 72 N. W. 614; Graham v. Muskegon, (Mich.) 74 N. W. 729; Farley v. U. S. 269 Fed. 721; Waker v. Commonwealth, (Ky.) 232 S. W. 617; City v. Ry. Co., 10 A. L. R. 910; Sutherland 191, 207-209; State v. Smith, 44 Texas 443. The court erred in denying defendants' motions to require a more definite and specific statement in plaintiff's petition; U. S. v. Butler, 278 Fed. 677; Gross v. U. S., 280 Fed. 683; U. S. v. Dowling, 278 Fed. 630. The principle of the abatement law is not new, since it provides the old common law remedy of abatement of nuisances; U. S. v. Cohen, 268 Fed. 420. There must be a nuisance in fact; Mugler v. Kansas, 123 U. S. 623; U. S. v. Elbert, 278 Fed. 659; Stockwell v. State, 110 Texas 550; Austin v. Murray, 16 Pick (Mass.) 121; People v. Goddard, 191 Pac. 1012. Knowledge of the owner is necessary to justify injunction; U. S. v. Butler, supra; State v. Emerson, 155 Pac. 579; Nies v. Anderson, (Ia.) 161 N. W. 316; Gregg v. People, (Colo.) 176 Pac. 483; 12 A. L. R. 436. Assuming that Chapter 87 was repealed, the only material evidence is that of Easley; U. S. v. Cohen, supra; People v. Garwood, 191 Pac. 1012; State v. Andrews, 176 N. W. 637; McMillan v. Metcalf, 174 N. W. 481; State v. Salley, 215 S. W. 241. Evidence of reputation was immaterial under Chapter 117, which repealed Chapter 87, Laws 1921.

*George W. Patterson,* for respondent.

The contention that Chapter 87, Laws 1921, was repealed by Chapter 117, Laws 1921, is unsupported by rules of statutory construction; Chapter 117 merely repeals Chapter 209 C. S., and other acts inconsistent therewith; there is a strong presumption against implied repeals in

the case of contemporaneous statutes; 25 R. C. L. 167, 168; statutes pari materia are usually construed as one act; 25 R. C. L. 180; In re Moore, 4 Wyo. 98. The fact that the later law is different is not sufficient to repeal; 25 R. C. L. 170. If the later act is merely cumulative, the earlier is not repealed; 25 R. C. L. 286; unless they are in hopeless conflict; 25 R. C. L. 286, 287; State v. Carey, 26 Wyo. 300. Abatement laws are constitutional; 5 A. L. R. 1449, and note; 22 A. L. R. 535, and note. Notice is immaterial; 12 A. L. R. 431. The injunction was proper.

BLUME, Justice.

This is an action brought by the State of Wyoming on relation of George W. Patterson, County and Prosecuting Attorney of Albany County, Wyoming, against Longpre and Cameron, a co-partnership, and against the members of said co-partnership individually, and against Anna E. Tegner, owner of the premises hereinafter mentioned, for the purpose of abating a liquor-nuisance on the premises known as the Antlers Bar in Laramie, Wyoming. After trial of the case, the court found the existence of a nuisance and rendered judgment on June 6, 1924, abating it, but authorizing the owner of said premises to resume possession and occupancy thereof upon filing a bond in the sum of $500 conditioned as required by law. From the judgment so entered the said partnership and the members thereof individually have prosecuted an appeal to this court—the owner of said premises, however, not joining in such appeal. A bond staying execution was given in the sum of $500.

1. A motion was filed in the lower court to have the petition made more definite in certain respects. A demurrer also was filed, on the ground that the petition does not state facts sufficient to constitute a cause of action. The record fails to disclose any ruling on either the motion or demurrer and we cannot, accordingly, consider

them, although we can still consider the question as to whether or not the facts alleged in the petition constitute a cause of action against the appellants. But it is merely claimed that the petition is fatally defective because it fails to allege that Anna E. Tegner, the owner of said premises, had any knowledge of the existence of the nuisance on the premises above mentioned. She has not appealed, and the appellants herein are not entitled to urge any errors which affect only their co-party who is not before the appellate court complaining thereof. 4 C. J. 698. It is not claimed that the petition does not state sufficient facts so as to allege a nuisance, kept by appellants, but counsel rather concedes the contrary. And no question, accordingly, as to the sufficiency of the petition remains for our consideration. We might say, however, that where the petition states facts sufficient to allege a liquor nuisance, as is substantially admitted to be true in this case, it would be immaterial whether the prosecuting attorney of Albany County believed that he was bringing the action under chapter 87 or under chapter 117, Session Laws of Wyoming, 1921. Tucker v. State of Wyoming, ex rel. Snow, 251 Pac. 460, decided this day.

2. Testimony was admitted in the case to the effect that the general reputation of the Antlers Bar, aforesaid, was that of a place where intoxicating liquors might be procured, and it is argued that such testimony was improperly admitted. The point has become increasingly important, and perhaps pressing, since the adoption of the Eighteenth Amendment to the Constitution of the United States and the passage of the National Volstead Act and similar laws in the various states. Section 3 of chapter 87, Sessions Laws of 1921—that chapter relating, among other things, to the abatement of nuisances caused by prostitution, gambling and storing of liquor—provides:

"The action when brought shall be triable at the first term of court, after due and timely service of the notice has been given, and in such action evidence of the general reputation of the place shall be admissible for the purpose of proving the existence of said nuisance."

We have held, however, in the case of Tucker v. State ex rel. Snow etc., decided this day, that the provisions of chapter 87, aforesaid, were repealed by chapter 117, supra, in so far as they relate to liquor nuisances. And the provisions of section 3, chapter 87, above quoted, are so closely interwoven with the other provisions of that chapter that they also must be held to have been repealed in so far as they may relate to such liquor nuisances. Chapter 117, supra, which was copied closely after the National Volstead Act, does not provide for the introduction of testimony relating to such reputation, and we must, accordingly, determine as to whether or not such testimony is admissible without any statutory provisions on that subject. The courts of Oklahoma have uniformly held that it is. Titsworth v. State, 2 Okla. Crim. 282, 101 Pac. 288; Ostendorff v. State, 8 Okla. Crim. 360, 128 Pac. 143; Wilkerson v. State, 9 Okla. Crim. 663, 132 Pac. 1120; Caffee v. State, 11 Okla. Crim. 263, 145 Pac. 499, Cameron v. State, 13 Okla. Crim. 692, 167 Pac. 339. The ruling of the Montana Supreme Court is to the same effect; State v. Mercier, 70 Mont. 333, 225 Pac. 802, the court saying upon that point:

"Error is predicated upon the ruling of the trial court, permitting the State to introduce evidence that the general reputation of the boarding house was that of a place where intoxicating liquors were kept and sold illegally. The overwhelming weight of authority sustains the ruling."

And in Ryan v. United States, (C. C. A.) 285 Fed. 734, the court, in making the same ruling, simply said:

"The defendants were all charged with maintaining a nuisance, and there was no error in permitting the government to prove that the reputation of the premises maintained by them was bad."

See also Chamberlain, Modern Law of Evidence, sec. 745; Blakemore on Prohibition, page 248. Most, if not all, of the other cases holding such testimony admissible have been decided under a statute expressly authorizing it. The Oklahoma cases and the Montana case above mentioned apparently admit such testimony upon the same theory upon which many courts have admitted it for the purpose of proving a place to be one of ill fame, or a disorderly house. Other authorities, on the contrary, hold such testimony inadmissible to establish the existence of a nuisance, especially where, as in this state, the statute requires the nuisance to be one in fact. One of the first cases on that subject is Commonwealth v. Stewart, 1 S. & R. (Penn.) 342, decided in 1815. In that case the defendant was charged with permitting men and women to drink on his premises and misbehave themselves so as to cause a common nuisance. The court ruled that testimony of general complaints by the neighbors was not admissible for the purpose of establishing the nuisance. In the case of Commonwealth v. Hopkins, 2 Dana (Ky.) 418, decided in 1834, the defendant was indicted as a common gambler, and it was held that evidence that he was such by reputation was not admissible. Citing these two authorities, section 186 of volume 3 of Greenleaf on Evidence—dealing with the subject of nuisances—states as follows:

"In proof of the charge, evidence must be adduced to show, first, that the act complained of was done by the defendant. * * * Second, that it was to the common

injury of the public and not a matter of mere private grievance, and this must be shown as an existing fact and not by evidence of reputation.''

In 1859, the point was before the court in Warner v. Brooks, 14 Gray (80 Mass.) 107, and the court said:

''The occupation of the defendant cannot be proved to be that of selling intoxicating liquors by evidence that he was reputed to deal in them.''

We may also mention Cobleigh v. McBride, 45 Iowa 116, decided in 1876, though the case is not exactly in point. There the plaintiff sued for damages for selling intoxicating liquors to a minor, and the court held that testimony to the effect that it was a matter of common report and public notoriety that intoxicating liquors were sold by the defendant, was not admissible. And in 1892, the same court, in the case of State v. Fleming, 86 Iowa 294, 53 N. W. 234, held that a statute permitting the introduction of testimony in an abatement-case for the purpose of establishing a nuisance, was not permissible in a criminal prosecution for maintaining such nuisance. The case of Com. v. Egan, 151 Mass. 45, 23 N. E. 494, was an action for the abatement of a liquor nuisance and the court said that ''the question concerning the general reputation of the tenement kept by the defendant was rightly excluded.'' In Cook v. State, 81 Miss. 146, 32 So. 312—a case, too, not exactly in point—the defendant was indicted for the unlawful sale of intoxicating liquor, and the court held that it was error to permit the state to prove the general character and reputation of the boat, on which the liquor was charged to have been sold, as that of a whiskey boat. In Gorman v. State, 52 Tex. Crim. 327, 106 S. W. 384, decided in 1907, the defendant was charged with violating the Local Option Law by running a ''blind tiger,'' and the court held that the state could not prove by witnesses,

that they understood, had heard, or been informed, that whiskey could be bought in the place. To that effect, also, is the case of Trayhan v. State, (Tex. Civ. App.) 180 S. W. 647. In the recent case of People v. Johnson, 63 Cal. App. 178, 218 Pac. 449, involving a prosecution for maintaining a common nuisance in violation of the liquor law, the court said as follows:

"It cannot be doubted that the testimony as to the general reputation of the saloon was pure hearsay, and therefore incompetent and inadmissible. Neither the Wright Act nor any other law of this state authorizes the proof of the crime, of which the defendant was accused and convicted, by any such means. And in the absence of any such authority for proving a crime by evidence of common repute, the allowance of such testimony in proof of such crime involves a palpable contravention of one of the very first rules of evidence, towit; that hearsay testimony is wholly incompetent for any purpose unless it is expressly allowed by the legislature."

And in Wharton on Criminal Evidence, vol. 1, sec. 255, it is said:

"Thus when the question is, Are certain places or structures, nuisances, general reputation cannot be admitted in proof or in disproof."

To the same effect is 2 McClain, Criminal Law, sec. 249.

The hopelessly conflicting views of the courts on the question before us is plainly apparent from the review of the foregoing authorities. In subdivision 2 of section 1620, the author of Wigmore on Evidence (2nd ed.) deals with the subject of keeping a house of ill fame and a disorderly house, and states it as his opinion that "having regard to the circumstances from which such a reputation arises, and the difficulty of obtaining other evidence in

the ordinary way," testimony of such reputation should be admitted to prove the character of the house. Subdivision 3 of the same section deals with a similar subject, different from the other at best only in degree, namely that of "common nuisances, e. g. a place for illegal sale of liquor or drugs," and the eminent author, generally fearless in expressing his opinions, contents himself with simply stating the result of the holding of the cases. We are not convinced that the reasons, if sound, for the admission of testimony of general reputation in cases where it is sought to show a place to be a house of prostitution, apply with the same force in cases like that at bar. There is a difference, though the measure thereof will, doubtless, depend somewhat upon individual perspective. Such testimony is admitted mainly upon the ground of necessity. The legislature is in better position than we are to determine whether the necessity is of such urgent character as to require the introduction of hearsay testimony in cases of this character and the abandonment of the general safe path of excluding it, and it will soon have the opportunity of acting on the subject.

This conclusion, however, that testimony of general reputation is inadmissible for the purpose of establishing the existence of a liquor-nuisance, does not dispose of the question as to whether or not it was admissible in the case at bar. The owner of the premises in this case was a party to the action, and it is not suggested that this was improper. Section 20 of chapter 117, supra, provides that if the owner of a place, condemned under the statute, has knowledge of the fact that intoxicating liquor is manufactured, sold or kept on his premises contrary to law, and suffers the same to be occupied by another for that purpose, such place shall be subject to a lien for, and may be sold to pay, all fines and costs against the person guilty of maintaining such nuisance. In other words, knowledge on the part of the owner is essential in order that he may

be held liable for the penalty above mentioned. And we have no doubt that knowledge on his part is essential also in order to inflict upon him the penalty of costs and attorneys fees provided for in section 21 of chapter 117, supra. State v. Emerson, 90 Wash. 565, 155 Pac. 579, L. R. A. 1916 F. 325, note 12 A. L. R. 431-437. Whether to close up a place for a year as against an owner is a penalty upon him just the same as a pecuniary penalty, and cannot be inflicted upon him unless he has knowledge of the nuisance, need not be determined in this case, for the reason that the owner has not appealed. At first blush there would seem to be no difference, and a number of courts appear to take that view. Cases in note 12 A. L. R. 435, 436. In any event, the question of knowledge of the owner was in issue in the case at bar, and we think that the reputation of the place in question could be shown for the purpose of proving that knowledge. 1 Wharton on Criminal Evidence, sec. 254; Wigmore on Evidence, sec. 1789; State v. Brooks, 74 Kans. 175, 85 Pac. 1013. In the case just mentioned, the court said as follows:

"After abundant evidence had been introduced, proving that the defendant's building had been used as a place where intoxicating liquors were sold in violation of law, the State was permitted, over the defendant's objection, to show that such illegal use was a matter of general reputation in the community and this objection was complained of as error. Of course the State could not have been permitted to show that the place in question was commonly reputed to be a liquor nuisance, for the purpose of establishing that it was such in fact, but when sufficient proof had otherwise been made of its real character, evidence that such character was a matter of public notoriety was competent as bearing upon the probability of notice thereof having reached the defendant, who was engaged in business in a neighboring building."

While notice in this particular case might not have
reached the owner of the building in question as readily
as in the case just cited, we think the evidence was com-
petent as bearing upon that issue, although upon that
issue alone.

3.  It is claimed that the evidence is not sufficient to
sustain the judgment of the court.  The main testimony
in the case was given by a witness named Easly, a person
engaged at the time by the law-enforcement department
of this state.  He testified that he and one Erickson en-
tered the place of the appellants on August 21, 1923, and
that each obtained a drink of "moonshine," paying there-
for the sum of fifty cents per drink; that on August 23,
1923, the witness entered the place of the appellant, after
leaving two companions in an automobile in front of the
Antlers Bar; that one of the appellants asked him who
was in the automobile and upon being informed stated
that he knew that the witness was "all right," but that
he did not have any liquor on hand at that time.  The
witness further testified that on August 25, 1923, he was
in defendant's place and bought at least one drink of in-
toxicating liquor; that he also bought a pint of "moon-
shine" at that time, which he subsequently had analyzed
by the State Chemist, and which showed an alcoholic con-
tent of about 46 per cent.  The impression left by the tes-
timony of the witness, if he may be credited, is to the
effect that he was able to go into the place in question
almost at any time, provided that he had no unknown
persons with him, and obtain a drink of intoxicating
liquor.  Other testimony in the case showed that at vari-
ous times drunken men had been seen to enter and come
out of the place.

The witness Conners testified that on a certain evening
one of the appellants filled a glass from a bottle behind
the counter and put the glass on the counter, but upon
observing the witness looking through the window, made

a "grab" for it; that thereafter the place in the window, through which the witness had looked, was covered up by a tobacco sign, which was not removed until the defendants were notified to do so by the police department. It further appears that all the drinks testified to were put in a glass from a bottle constantly kept behind the counter. We think that this testimony, if credited, was sufficient to warrant the court in finding that a nuisance existed in this case. See Denapolis v. United States, 3 Fed. (2nd) 722; Barker v. United States, (C. C. A.) 289 Fed. 249; United States v. Stevens, 103 Conn. 7, 130 Atl. 249; Brewing Co. v. United States, (C. C. A.) 295 Fed. 489.

Counsel for the appellants claim that the court took the testimony of general reputation into consideration in determining whether or not the nuisance in the case at bar in fact existed. But we are unable to say that this is true. There is nothing in the record to show that to be the fact. Even if we might rightly consider the excerpts of the opinion of the trial court that appear in the briefs of counsel for the State, all that they show is that counsel for appellants maintained that the evidence was not sufficient to show a nuisance without such testimony in regard to reputation.

4.  Chris M. Tegner was a witness in the case and testified that he was the agent of Anna E. Tegner, the owner of the premises in question, and that while in Laramie at various times he inquired as to how the business on the premises in question was conducted, and that he was informed that it was conducted well. He was asked upon cross-examination, over objection, as to whether or not he received information that Cameron, one of the appellants, had sold liquor in the place and had entered a plea of guilty to the charge of unlawfully selling intoxicating liquors. The witness answered that he knew that Mr. Cameron had pleaded guilty to that charge. It is claimed that this testimony was improperly admitted. It is true,

of course, that the conviction of Cameron could not ordinarily be shown in this way. But when the witness claimed that he had no knowledge of any violation of law in connection with the premises in question, but that he received information that the place was well conducted, it was clearly proper to ask him what, if anything, he had heard to the contrary, and under the circumstances the question, upon cross-examination, was entirely proper.

The judgment must accordingly be affirmed. The conditions, since the rendition of the judgment herein, have doubtless changed considerably. Counsel for appellants assured us, upon the oral argument, that the appellants in this case had long since ceased to occupy the premises in question, and that it would accordingly be of no benefit that an order closing the place to appellants should now be enforced. The court may, accordingly, modify the judgment and make such other orders herein as may at this time appear to be proper and just by reason of changed conditions.

*Affirmed and modified.*

POTTER, C. J., and KIMBALL, J., concur.