STATE EX REL. DUNLAP, County and Prosecuting
Attorney v. LUCKUCK, ET AL.
(No. 1735; May 3, 1932; 10 Pac. (2d) 968)

The cause was submitted by appellants on the brief of *William B. Cobb,* of Casper, Wyoming.

The cause was submitted for respondent on the brief of *James A. Greenwood,* Attorney General, *Richard J. Jackson,* and *R. Dwight Wallace,* all of Cheyenne, Wyoming.

KIMBALL, Chief Justice.

This is an action brought in the name of the state on the relation of the county and prosecuting attorney of Campbell county, under the act which now is Article 1 of Chapter 59, R. S. 1931, (Sec. 59-101 et seq.) for the purpose of enjoining and abating a statutory nuisance (Sec. 59-120) alleged to have been maintained by defendants in a building owned and occupied by them. The trial resulted in a permanent injunction against the continuance of the nuisance, and an order closing the building for one year. Sec. 59-121. The defendants appeal.

Defendants' demurrer on the ground that the petition failed to state facts sufficient to constitute a cause of action was overruled, and the ruling is assigned as error.

By the statute, "any * *. * building * * * where intoxicating liquor is * * * sold, kept or bartered in violation of this article * * * is hereby declared to be a common nuisance * * *." Sec. 59-120.

The petition alleges, among other things, that "defendants have during all the times hereinafter mentioned occupied and used said building and premises and did at and before the filing of this petition use and occupy the said building and premises for the purpose of storing, selling alcoholic liquors" of the prohibited kind. Perhaps, if this allegation stood alone, it would be defective as charging merely a "purpose," which sometimes means an unexecuted intent. See: Duke v. Marston, 64 N. H. 603, 15 Atl. 222. The petition, however, contains other allegations that are more definite. The next paragraph charges that on August 30, 1930, one of the defendants did occupy and use said building for the purpose of storing and selling prohibited liquors "and did then and there sell within and upon said premises about one-third of a pint of whiskey for the sum of fifty cents." Several following paragraphs contain similar allegations of sales by the bottle or glass by both defendants on October 15, October 22 (six sales) and November 26, 1930. Another paragraph alleges that on November 27, 1930, the defendants used and occupied the building "for the purpose of storing and possessing for purposes of sale" prohibited liquors, and "did then and there so possess about eight gallons of whiskey." The petition was filed November 27, 1930.

It is contended that the petition is defective in failing to allege that plaintiff will sustain irreparable injury or that the remedy at law is inadequate. The authority cited is United States v. Cohen, 268 Fed. 420, where it was held that the bill to enjoin a nuisance under Section 22 of the

Volstead Act, 27 U. S. C. A. § 34 (like our Sec. 59-121, supra) failed to state facts to show inadequacy of the remedy at law. The opinion does not set forth the allegations of the bill, but from the discussion it is to be inferred that it alleged "a single sale, without more," (p. 423 of 268 F.) with no allegations of "the continuation or recurrence of law violation, or of facts strongly indicating either habitual sales, or long-continued violations, or such a recurrence of unlawful sales as to colorably indicate that the criminal prosecutions and penalties provided by other parts of the act are inadequate to cope with the situation." (p. 424 of 268 F.) It seems, therefore, that the bill in that case failed to show the existence of a nuisance as distinguished from a mere unlawful act of selling, and the opinion appears to be entirely consistent with what we said in State ex rel. Cone v. Bernweiser, 39 Wyo. 314, 319, 271 Pac. 13.

We think the petition in the case at bar, unlike the bill discussed in the United States v. Cohen, supra, states facts that show the habitual, continuous or recurrent use of the building by defendants for the keeping for sale and the selling of intoxicating liquors; and, therefore, charges the maintenance of the statutory common nuisance which, under principles recognized in State ex rel. Cone v. Bernweiser, supra, may be enjoined in equity. Of course, general allegations of irreparable injury and inadequacy of legal remedies would be mere conclusions. 5 Pomeroy Eq. Juris. § 1932 (§ 518). That the nuisance is offensive and injurious to the public has been declared by valid statute, and need not be the subject of allegation and proof. See: Carleton v. Rugg, 149 Mass. 550, 22 N. E. 55, 5 L. R. A. 193, 14 Am. St. Rep. 446. When, in an action by a public officer, a continuous or repeated statutory nuisance is alleged, we cannot see the need of any further allegations to invoke the equitable jurisdiction. See: 5 Pomeroy Eq. Juris. § 1928 (§ 514); Wright v. O'Brien, 98 Me. 196, 56 Atl. 647; State ex rel. Orr v. Kearns, 304 Mo. 685, 264 S. W. 775. The very

purpose of the statute is to provide a remedy by prevention that is more prompt and effective than a criminal prosecution. Ex Parte Moore, (Wyo.) 8 Pac. (2d) 818, 824; Lewinsohn v. United States, (C. C. A.) 278 Fed. 421. The contention that a criminal prosecution would be an adequate remedy in a case of continuing nuisance has been answered many times. United States v. All Builders etc., 28 F. (2d) 774 and cases cited; Ex Parte Moore, supra.

The demurrer was rightly overruled. Whether or not the court might have required some of the allegations of the petition to be made more definite and certain we need not inquire, as no motion for that purpose was filed. Smith v. Stone, 21 Wyo. 62, 82, 128 Pac. 612.

Before trial, on an application heard January 6, 1931, a temporary injunction was issued. It was then also ordered that the building be closed and not occupied or used for any purpose until the further order of the court. The order closing the building was error. A mere reading of the statute (§ 59-121) makes it clear that an order forbidding the use and occupation of the building cannot be made an adjunct of the temporary injunction. Com. ex rel. Brown v. Marino, 91 Pa. Superior Ct. 201. The order, however, has spent its force and is now merged in the final judgment. The case was tried about a month later, and the final judgment, dated February 4, 1931, from which the appeal is taken, orders the building closed for the period of one year as authorized by the statute. The year runs from January 5, 1931, thus, apparently, making allowance for the time the building had been closed under the previous erroneous order. We are not informed of anything further that can be done to cure the error. See: Brown v. Luehrs, 79 Ill. 575; Tehama County v. Sisson, 152 Calif. 167, 92 Pac. 64; White v. Nuckolls, 49 Colo. 170, 112 Pac. 329; King v. Weiss & Lesh Mfg. Co., (C. C. A.) 266 Fed. 257.

The defendants question the sufficiency of the evidence. It is argued that the testimony of an informer, plaintiff's main witness in proving the alleged illegal sales, should not

have been believed, but we think the credibility of this witness was a question for the trial judge to decide. There was evidence of sales by the bottle and by the drink substantially as alleged in the petition. It was also shown that on the night before the petition was filed officers executing a search warrant found in the basement of the building a ten-gallon keg containing several gallons of whiskey. The officers were resisted and threatened by the occupants of the building, and a squabble for possession of the keg was ended only when the officers, fearing ''somebody might get killed,'' surrendered possession of the keg to a person who promptly poured the whiskey into a sink. Neither of the defendants testified. The evidence warranted the finding that defendants maintained a nuisance by the continuous or recurrent use of the building for the making of illegal sales. State ex rel. Cone v. Bernweiser, supra.

It seems to be contended that the evidence was insufficient because it failed to show that the use of the building had caused disturbance or annoyance to the public or the neighbors. We find no authority to support the contention. The only case cited is People v. Cook, 221 N. Y. Supp. 96, aff'g by memo., 248 N. Y. 597, 162 N. E. 539, a criminal prosecution in which it was held that sales made privately on a single day by a man in his own home to his friends and acquaintances, without disorder, and resulting in no annoyance to others, did not constitute a public nuisance as defined by a New York criminal statute. The case is not in point. It is distinguished from a later case on the ground that it involved the question of punishment for sales of liquor on a specified day and not habitual sales. People v. Vandewater, 250 N. Y. 83, 164 N. E. 864, 869. The opinions in the last cited case show how, under present conditions, the habitual, unregulated sales of uninspected, intoxicating liquors may injuriously affect the public, and constitute a public nuisance, ''apart from the annoyance or disturbance of those persons who might be in the neighborhood.'' As

said by Lehman, J., in the opinion of the court: "Habitual violations of the law are ordinarily conducted with some degree of secrecy. Otherwise they might not remain unsuppressed long enough to become habitual." Crane, J., in a concurring opinion remarked: "It does not do to say that the place in which he violates the law is not a nuisance because the secrecy creates no noise." 250 N. Y. 97, 99, 164 N. E. 864, 869.

It is contended that defendants were erroneously prevented from proving that the premises in question did not have the reputation of being a place where illegal sales of liquor were made. We doubt that the offer of proof went far enough to raise the question, but shall pass that point. The petition contains the allegation that the reputation of the described premises "as a law-abiding place is decidedly poor." The allegation was unnecessary. The law does not contemplate that abatement proceedings must be postponed until the place has acquired a provable bad reputation. In the trial court, the allegation was treated as surplusage. The state offered no evidence on the subject. Such evidence would have been objectionable under State ex rel. Patterson v. Longpre, 35 Wyo. 482, 251 Pac. 468, where it was held that evidence of reputation of the place was not admissible to prove the existence of the nuisance, though in that case, the nuisance being proved by other evidence, plaintiff was properly permitted to prove reputation as having some bearing on the question of notice to the owner who was not the occupant of the building. In the case at bar, if the nuisance existed at all, it was the result of defendants' acts while occupying the building. Evidence of reputation of the building was properly excluded. Commonwealth v. Eagan, 151 Mass. 45, 23 N. E. 494.

*Judgment affirmed.*

BLUME and RINER, JJ., concur.