# CORSON ET AL v. WILSON

(No. 2169; December 17, 1940; 108 Pac. (2d) 260)

For the plaintiffs and appellants, there was a brief and an oral argument by *Vincent Carter* of Cheyenne.

220

For the respondent, there was a brief and oral argument by *M. A. Kline* of Cheyenne.

KIMBALL, Justice.

The appeal is from a single judgment in two actions by different plaintiffs, W. A. Corson and W. P. Hoare, against the same defendant, W. E. Wilson, for damages

caused by a collision of motor cars. As the issues in the two actions, except as to the amount of damage, were the same, the actions by agreement were consolidated under section 89-1069, R. S. 1931, as amended by chapter 51, session laws of 1939. The trial was to the court without a jury, and judgment was for defendant on a general finding in his favor. Plaintiffs appeal, and contend that the decision is not sustained by sufficient evidence.

The collision occurred about 6:30 o'clock in the evening of February 6, 1939, on Eighteenth street between Warren and House avenues. Eighteenth street runs east and west and is crossed by the two avenues running north and south, Warren west and House east of the place of collision. Plaintiffs' cars were unoccupied and parked diagonally, side by side, Corson's west of Hoare's, with their front wheels at or near the curb on the south side of Eighteenth street in front of Corson's home about 100 feet east of Warren avenue. Several other cars were parked east of plaintiffs' in the same block and on the same side of the street, but none west. There were also cars parked on the other side of the street in the same block. The space left in the center of Eighteenth street for travel between the parked cars was rather narrow. The width was not shown by measurement or by any estimate in feet, and the best evidence we have on the subject is that the street at that place "is not as wide as other streets," and "with cars parked on both sides, angling out from the curb * * * there is plenty of room for two cars to meet, but not any room to spare." The front of defendant's car, which defendant was driving east on Eighteenth street, struck the rear of plaintiffs' parked cars, forcing the Corson car forward (southeast) over the curb, and sideways (east) into the Hoare car. When defendant's car was stopped after the collision it was facing eastward with its front bumper entangled with the rear

bumper of the Hoare car. The bill for repairs to Corson's car was $134; to Hoare's, $40.

The only eye witness was the defendant himself, whose testimony was substantially as follows: He was an experienced driver and his car was equipped with lights and brakes that were in good order. He was driving with his dimmers on, and at a speed not in excess of 15 miles an hour. When he had crossed Warren avenue he saw the parked cars in the block ahead of him, and also saw another car which was then at the House avenue intersection and approaching with bright lights, at a high rate of speed and near the center of the street. He was watching both the oncoming car and the parked cars on his right; "was staying out into the street far enough" to avoid hitting the parked cars, and driving pretty close to the back of them in order to give the oncoming car all the room he could. When the two moving cars were about 30 feet apart the oncoming car turned sharply toward defendant who for an instant, because of the bright lights of the other car, could not see what was ahead of him. Then, in the language of the witness: "I just didn't stop to think; I just turned my car, turned it to the right, in order to keep him from hitting me. * * * I turned my car to the right without even thinking * * * and applied my brakes as quick as I could." The collision followed almost instantly.

Plaintiffs, together in the Corson home, heard the noise of the collision, came out and talked with defendant. What defendant then said as to the cause of the accident was proved as a part of plaintiffs' case. Mr. Corson testified that defendant "said it was his fault," but other witnesses did not remember that statement, and it is clear from all the testimony on the subject that if defendant said it was his fault the statement

was qualified, and not meant as an admission that he had been negligent. Mr. Corson testified that defendant added "that he couldn't help it, that to avoid being run down he had to turn into our cars." Mr. Hoare and another witness also testified that defendant explained that the collision was in avoiding another car.

The charge of negligence, as stated in each of the petitions, was that defendant "negligently failed to give attention to his surroundings and to keep a proper lookout for the position of other automobiles, including that of the plaintiff." Plaintiffs, arguing that they made out a prima facie case, invoke the doctrine of res ipsa loquitur which, as stated in Stanolind Oil & Gas Co. v. Bunce, 51 Wyo. 1, 21, 62 P. (2d) 1297, 1301, is that: when a thing that causes injury, without fault of the plaintiff, is shown to be under the exclusive control of the defendant, and the injury is such as in the ordinary course of things does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from defendant's want of care. Defendant contends that the doctrine has no application to the facts of this case because, first, the defendant explained just how the accident occurred, and, second, the petitions contained no general allegation of negligence, but alleged the specific acts that caused the injury.

We doubt that it is accurate to say that the doctrine has no application to a case in which the defendant explains how the accident occurred. It is the application of the doctrine that calls for the explanation. Whether the doctrine applies in favor of a plaintiff who has alleged specific acts of negligence is a doubtful question on which the cases are not in harmony (see note, 79 A. L. R. 48) and which we need not decide. We may assume that evidence that plaintiffs' cars,

while lawfully and properly parked at the curb of a city street, were struck and injured by a car driven by defendant, was sufficient to justify an inference that the injury was caused by defendant's want of care, and to make it the duty of defendant, who knew the facts and was available as a witness, to offer an explanation. After the defendant had testified, explaining how the accident occurred, the question then was whether from all the evidence, including the explanation, the defendant was negligent. See Roberts v. Economy Cabs, 285 Ill. App. 424, 2 N. E. (2d) 128, a case cited in both briefs.

There can be no doubt that if the trial judge believed the testimony of defendant, a finding in his favor was justified on the ground that he was confronted with a sudden emergency that impelled him almost involuntarily to turn into plaintiffs' cars to avoid what seemed to him imminent danger of collision with another car. See Kowlak v. Tensleep Merc. Co., 41 Wyo. 20, 29, 281 P. 1000; Wells v. McKenzie, 50 Wyo. 412, 419, 62 P. (2d) 305; Jackson v. W. A. Norris, Inc., 54 Wyo. 403, 421, 93 P. (2d) 498; Restatement of Torts, § 296.

It is contended that defendant's testimony should have been rejected as improbable. No good purpose would be served by setting out the evidence and argument pertinent on this point. Most of the argument is that defendant's testimony as to the main facts is inconsistent with his estimates of time, distance and speed, and with the effect of the collision. These were matters for the consideration of the trial judge sitting as a jury. We have said that "it is not our function to pass upon the credibility of witnesses." Wettlin v. Jones, 32 Wyo. 446, 455, 234 P. 515. See, also, State ex rel. Dunlap v. Luckuck, 44 Wyo. 218, 223-224, 10 P. (2d) 968; Oviatt v. Hohnholtz, 43 Wyo. 174, 179, 299

226

P. 1037; 5 C. J. S. Appeal & Error, § 1645. We cannot say that there was any evidence that made it the duty of the trial judge to disbelieve the defendant's testimony summarized above.

The judgment will be affirmed.

RINER, Ch. J., and BLUME, J., concur.